## CROSS *et al. v.* SCARBORO.

CONTRIBUTION AMONG SURETIES. *Res judicata.* The sureties on a guardians bond applied to the proper court to compel him to execute a new bond, and to be discharged from all subsequent liability thereafter. The guardian executed another bond, with other sureties, which was filed and approved, but the court failed to exonerate the sureties on the first bond. The ward having sued both sets of bondsmen for the defalcation of the guardian, this court decided at a former term that the first set were alone liable. Having paid the amount, they now sue the second set for contribution. *Held,* the obligation of a surety cannot be extended beyond the precise terms of the contract out of which it arises, and as this court had exonerated defendants from any obligation whatever in the former suit, to which both complainants and defendants were parties, complainants are not entitled to the relief sought.

No record can be found.

SNEED, J., delivered the opinion of the court.

This is a bill for contribution brought by the sureties on a guardian bond against the sureties on the same guardian's subsequent bond, to compel contribution from the latter in the payment of the guardian's indebtedness to the ward.

Not long after the qualification of the guardian, the complainants, as sureties on the first bond, became apprehensive that the estate would be wasted, and, upon due notice to the guardian, made application to the proper court to compel the guardian to execute another bond with other and counter security, and to be discharged under the statute from all liability subsequently accruing. The guardian did execute another bond with respondents as sureties, and the bond was filed and approved, but no further action was taken by the court toward the discharge of the complainants. A few years afterward the guardian having failed to account, a suit was brought against both sets of sureties, on the two bonds, in behalf of the wards to recover the amount due. Upon final appeal of that cause to this court it was determined that because the complainants had never been exonerated by the action of the court, the respondents were not liable to the wards at all. A judgment was thereupon entered against the complainants alone for the liability, and having paid the same they have filed this bill.

A very ingenious argument has been submitted, maintaining that the second bond being a good common law bond, and being executed with the intention

to relieve and indemnify these complainants, that the sureties thereon are as much bound in equity to share this burthen with the complainants as if the latter had been formally and lawfully discharged. But how can this be if the respondents are not liable to the wards at all. And this point has been expressly ruled by this court with all these parties before it. It is true that the principle of contribution rests not on any privity between the sureties, but on the equality of the burden: 1 Cox, 318; 2 Bos. & P., 270; 23 Penn. State R., 294. But if there be no suretyship at all, how does the doctrine of contribution apply. There must be a joint or joint and several obligation upon all the sureties to be bound to the ward for the faithful disposition of the trust fund. It may not be necessary for both parties to be bound by the same instrument: 2 Swanst. Ch., 185; 14 Ves. Ch., 160. But there must be a common burden, and the right of contribution arises not out of any contract, but rests upon the principle of equity, that where two persons are subject to a common burden it shall be borne equally by them: 3 All. Mass., 566. The obligation of a surety is *strictissimi juris*, and cannot be extended beyond the precise terms of the contract, and they are liable only within the clear and absolute terms of their undertaking, and presumptions and equities are never allowed to enlarge, or in any degree to change their legal obligations. These are elementary principles. 10 Johns., 180; 2 Penn., 27; 15 Pet., 187; 21 How., 66; 3 Kent, 183. The obligation intended to be assumed by the respondents was to be

bound to the wards for the default of the guardian. If this obligation was in fact assumed, then the right of contribution might follow. But this court has decided that they have assumed no such obligation. Then it follows, that they are not sureties, and the complainants having never been released, are alone bound and have no right of contribution against the respondents. It results that demurrer to the bill should have been allowed.

Reverse the decree and dismiss the bill.