J. A. CROOK, Guardian, etc., v. J. C. HUDSON et al.

GUARDIAN AND WARD. *Sureties on bond. Priority.* The sureties on a renewed guardian bond are, under the statute, liable before the sureties on a previous bond, although the guardian appropriated the wards' funds to his own use prior to the execution of the last bond.

FROM MADISON.

Appeal from the Chancery Court at Jackson. W. H. McCORRY, Ch.

H. C. ANDERSON, CARUTHERS & MALLORY and MUSE & BUFORD for Complainants.

J. L. H. TOMLIN, H. E. JACKSON and JOHN L. BROWN for Defendants.

COOPER, J., delivered the opinion of the Court

At the September term, 1865, of the County Court of Madison county, J. C. Hudson was appointed guardian of J. A. and Robert Cooper, infants, and qualified by giving bond in the penalty of $8000, with Peter McCallum and B. T. Hudson as his sureties. At the January term, 1873, of said Court, he renewed his bond in the sum of $6,300, with T. C. Muse, Hiram Johnson, and A. S. Rogers as his sureties. When Hudson resigned or was removed from his guardianship does not appear, but at the November term, 1877, of the County Court, the complainant, J. A. Crook, was appointed and qualified as guardian of the children.

On the 28th of August, 1878, this bill was filed against J. C. Hudson and the sureties on both bonds then living, and the personal representatives of one of the sureties on the first bond, then recently deceased.

Upon final hearing, the Chancellor rendered decrees for the amounts found to be due to each of the complainant's wards, and declared, as between

29—VOL. 4.

the sureties, that the sureties on the last bond were primarily liable.

The case is before us upon the appeal of these latter sureties from so much of the decree as adjudged that they were primarily liable.

The proof is clear that the money of the wards was used by the guardian for his own purposes before the execution of the bond of 1873. If the bond on which the appellants were held liable be considered as given under the Code, sec. 2499, which requires every guardian, at the time of exhibiting his biennial list or statement of his wards' estate, to renew his bond, then the Chancellor's decision was correct. For this Court has always held, as the true construction of the statute, that the liability of the obligors extended not only to the future action of the guardian, but relates back to his first appointment, and is coextensive with the guardianship, the last sureties taken, under the statute, being first liable, and so of other sureties in that order: *Jamison* v. *Cosby,* 11 Hum., 273; *Tennessee Hospital* v. *Fuqua,* 1 Lea, 608. The same rule was applied to new surities given by way of counter security: *Steele* v. *Reese,* 6 Yer., 263. And to new sureties given by way of substitution for old sureties released according to law: *Crawford* v. *Penn.,* 1 Swan, 388. The sureties in all these cases are estopped to deny that the guardian received the estate. It is only where the new surety is based upon an order of Court requiring other or better security that the

Crook *v.* Hudson.

rule as to the order of liability is different: *Mc-Glothlin* v. *Wyatt*, 1 Lea, 717. In which case the two sets of sureties are equally liable.

The charge of the bill in relation to the bond of 1873, is that Hudson "renewed his bond." The answer is that respondents "admit the execution of the bond of 1873," and elsewhere speak of it as the "renewed guardian bond."

The proof shows that the bond was given upon a statement of the wards' estate. It is, of course, not the less a renewed bond because it was not executed exactly at the end of two years, for that would be to stick to the letter, not the spirit of the law.

Neither in *Jamison* **v.** *Cosby*, nor *Tennessee Hospital* v. *Fuqua*, were the renewals strictly biennial. Any renewal at any time pending the guardianship, not made in conformity with a different order of Court, would be a renewal bond within the meaning of the statute.

The decree must be affirmed, with costs.