Gower and Wife *v.* Shelton.

L. D. GOWER and WIFE *et al. v.* S. M. SHELTON *et al.*

1. ADMINISTRATOR'S BOND. *Release of sureties. Requirement of jurisdiction.* Proceedings instituted in the county court, under sections 3672–6, of the old Code, by sureties on an administrator's bond, to obtain a release from liability, are summary in their character, and every fact necessary to confer jurisdiction should be recited in the judgment or decree accepting the new and exonerating the old sureties.

2. SAME. *Same. Same.* The facts necessary to confer jurisdiction are that the application has been made in one of the modes pointed out by the above sections, and that a new bond with satisfactory security has been executed and accepted.

3. SAME. *Same. New bond.* The fact that the new bond was given voluntarily, without a *compulsory order,* does not render the proceeding void.

FROM HARDEMAN.

Appeal in error from the Circuit Court of Hardeman county. H. J. LIVINGSTON, J.

WOOD & MCNEAL for Gower.

A. M. LAMBRETH, JR., and F. FENTRESS for Shelton.

COOKE, J., delivered the opinion of the court.

This bill was filed by two of the distributees of the estate of Elisha Reagan, deceased, against Shelton as administrator, and the sureties upon two bonds executed by him as such, seeking to recover their distributive shares of his estate; to set aside a conveyance

Gower and Wife *v.* Shelton.

of a tract of land made to the wife of respondent, W. M. Beck, as voluntary, and to subject the same, and also another tract and two notes belonging to said Beck, to the satisfaction of their said demand. The principal question to be determined is, as to the liability of the sureties upon these bonds, respondent Beck being one of the first set, and the administrator, as well as all the other sureties upon both of said bonds, being utterly insolvent.

At the October term, 1872, of the county court of Hardeman county, respondent Shelton was appointed administrator of said Reagan, and entered into bond. as such with respondent Beck and others as his sureties, and assumed the duties of said trust. On July 27, 1873, said respondent, Beck, and two others of said sureties, Bishop and Reaves, conceiving themselves to be in danger of suffering loss by reason of said suretyship, caused a notice to be duly served upon said administrator, Shelton, notifying him that on Tuesday, the second day of the July term, 1873, of the county court of Hardeman county, they would apply to said court to. be released as sureties on his bond as administrator of the estate of Elisha Reagan; deceased. On the second day of said July term of said court, they filed their petition in due form in said court to be released as such sureties, upon the ground that they were fearful of suffering damage or loss by reason of their said suretyship, and exhibiting said notice with said petition. And, on the same day, it being the eighth day of said month, the following entries appear of record on the minutes of said court:

Gower and Wife *v.* Shelton.

COUNTY COURT, JULY TERM, July 8, 1873.

This day, came S. M. Shelton, administrator of the estate of Elisha Reagan, deceased, and renewed his bond pursuant to notice, in the sum of $16,000, payable to the State of Tennessee, with J. Joyner, J. C. McFarland and H. L. Moore, as securities, which securities were justified in open court, which bond was acknowleded in open court, by principal and sureties, approved and ordered to be recorded and filed.

No. 922, R. D.

JOHN R. REAVES,
THOMAS BISHOP,
W. M. BECK,             For release as sureties.
*vs.*
S. M. SHELTON.

Be it remembered, that on July 8, 1873, this cause came on to be heard upon the notice and petition, and it appearing to the court that the plaintiffs, as sureties of the defendant on his administration bond as administor of Elisha Reagan, deceased, are entitled to be released *as such*. And it further appearing to the court, that the defendant has given a new bond, which has been approved by this court, it is therefore ordered, adjudged and decreed by the court, that the plaintiffs, as the said sureties of the defendant, be and they are hereby released and discharged from all liability on said bond accruing hereafter, in as full and perfect a manner as they can be discharged by this court.

The chancellor held that these proceedings were utterly null and void, and inoperative to in any manner release said sureties upon said first bond from any liability as such whatever, or to bind in any manner the sureties upon said second bond, and dismissed the bill as to said sureties upon the second bond, and entered a decree against Shelton and said sureties upon the first bond for the entire amount of the defalcation; held that the conveyances to the wife of Beck were voluntary and fraudulent as to creditors, and held said tracts of land and notes subject to the satisfaction of his decree. Beck and wife have alone appealed, and the Referees have reported that his decree should be affirmed, to which the appellants have excepted.

By section 3672, old Code, it is provided that

Gower and Wife *v.* Shelton.

"the sureties of any guardian, executor or administrator, trustee or assignee for creditors, who conceives himself in danger of suffering by his suretyship and desires to be released therefrom, may file his petition in writing, in the county court, or the court having cognizance of such estate or fund;" and section 3673 provides, that "upon such petition and notice, the court may compel the principal to give other sufficient security or counter-security, to be approved by the court, or to deliver up the estate to the petitioner, or such other person as may be directed, and may make such other orders and decrees for the relief of the petitioner and better security of the estate as may be just and equitable." Section 3675 provides, that "upon public or private application of any surety, if the principal consents to give a new bond with satisfactory security, it may be taken without further proceedings with the same effect as if executed upon order." Section 3676 is, that "on the execution of the additional bond as required, or the qualification of a successor, the applicant surety is exonerated from all liability accruing subsequently."

Were the proceedings of the county court set forth effective to release these sureties from further liability upon said bond, under the provisions of the Code above cited? Proceedings under these sections to release sureties are summary in their character, and every fact necessary to confer jurisdiction should be recited in the decree or judgment accepting the new and exonerating the original sureties: *Hickerson* v. *Price,* 2 Heis., 623; *Johnson* v. *Johnson,* 6 Heis., 240. The facts neces-

sary to give the court jurisdiction are, that the application has been made in one of the modes pointed out by the above provisions of the statute, and that a new bond, with satisfactory security, has been executed and accepted: *Johnson* v. *Johnson,* 6 Heis., 242. This record does show that the application was made in the mode prescribed in section 3672 of the Code above cited, and that a new bond was executed and accepted by the court, and the sureties upon the old bond discharged from further liability. The argument in favor of the invalidity of these proceedings, as we understand it, is, that as they were commenced under sections 3672 and 3673, and as these sections provide that the court may compel the principal to execute a new bond or surrender the estate, and as no compulsory order was made, the proceedings were therefore invalid under these sections, and as there is no entry of record showing that the principal consented to give a new bond upon either public or private application of the surety, they are invalid under section 3675. But the application was public, upon notice and in writing, and the new bond was executed and acknowledged and accepted in open court, and we can not see that because, when proceedings have been instituted to compel a party to give other security in order to release a former surety, the fact that he comes in voluntarily, without a compulsory order and does the very thing such an order would compel him to do, the proceedings would thus be rendered void, and so to hold would be merely to stick in the bark. This case is, in its facts, wholly unlike the case of *Johnson* v. *Johnson* above referred to.

There there was no order or judgment of the court accepting the new bond or exonerating the sureties upon the old one; no order or other recital showing that any application had been made by the sureties upon the original bond to be released, or that the new bond and new securities were accepted by the court. Here all these facts fully appear from the record. The proceedings were in accordance with the requirements of the statute, and said sureties were released from further liability, and the sureties upon the new bond bound as such, and the exceptions to the report as to this will be sustained, and the chancellor's decree reversed. Said sureties were, however, liable for any *devastavit* that may have accrued prior to the date of their release, and the cause will be remanded for an account as to whether any such *devastavit* had accrued, and if so, to what amount.

We think the chancellor's decree in holding the conveyance of the 103 acre tract of land to Mrs. Beck was voluntary, was correct, as well as in all other respects, and this we do not understand to be seriously controverted, except as above stated, and the same is affirmed. Said lands and notes will be held subject to the satisfaction of whatever amount, if any, for which the respondent, Beck, as surety upon the first bond, may be liable upon principles here settled and the account here ordered.

The costs of this court will be paid by the complainants and of the court below as may hereafter be directed by the chancellor.