264 S.W.2d 805 (1953)
VAUGHN et al.
v.
GILL.
Supreme Court of Tennessee.
December 11, 1953.
Petition to Rehear February 11, 1954.
*806 Whitaker, Hall & Haynes, Chattanooga, for plaintiffs.
Noone, Tanner & Noone, Chattanooga, for defendant.
GAILOR, Justice.
This is a bill in equity, filed by one of two tort-feasors against the other, to recover contribution of one-half of a judgment at law which the insurer of the complaining tort-feasor had been compelled to pay.
The facts leading to the filing of the bill are as follows:
On October 19, 1950, on one of the public streets of the City of Chattanooga, complainant, Alfred Eugene Vaughn, while driving an automobile owned by his father, Alfred W. Vaughn, and being used as a family car, collided with the rear end of an automobile owned and operated by the defendant Morris Gill, in which Rose Finkelstein was a passenger. As a result of the collision, two suits were filed in the Circuit Court of Hamilton County: (1) Rose Finkelstein filed suit against the Vaughns for personal injuries sustained in said accident, but she did not make Gill a party defendant. (2) Gill filed suit against the Vaughns for damage to his automobile. The cases were tried together before a jury in the Circuit Court. Rose Finkelstein recovered a judgment of $2,000 against the Vaughns, and this judgment was paid by their insurer, Commercial Standard Insurance Company. In the Gill suit, the jury rendered judgment for the defendants; "* * * they found the collision involved proximately resulted from the combined negligence of the plaintiff and the defendant Alfred Eugene Vaughn, and that they therefore found in favor of the defendant."
In this situation, the original bill was filed in this cause by the Vaughns against *807 Gill for contribution of one-half the judgment paid by the Insurance Company. The bill was met by demurrer, and after several amendments to the bill and several supplementary grounds of demurrer had been allowed and filed, the Chancellor sustained the demurrer and dismissed the bill. The complainants perfected a broad appeal, and the cause is thus before us for disposition.
The primary question presented by several of the grounds of the demurrer is whether the complainants, accepting all the allegations of fact in the bill to be true, show in themselves a right to recover contribution from the defendant. To determine this, we must take the bill as it is presented to us in this record. The style of the cause there is merely:
"Alfred Eugene Vaughn, et al. v. Morris Gill
"Complainants respectfully show to the Court:
"I
"The residences of the parties are as shown in the caption (no residence stated in caption). Complainant Alfred Eugene Vaughn is a minor, age, eighteen, and Complainant Alfred W. Vaughn is his father."
By paragraph IV, it is alleged that complainant Alfred W. Vaughn had a policy of liability insurance with the Commercial Standard Insurance Company of Fort Worth, Texas, and that his son, Alfred Eugene Vaughn, was also covered by said policy so far as the accident here involved is concerned, and that after the judgment in the Finkelstein case rendered against the Vaughns only, the Insurance Company paid the judgment in full. The bill then alleges:
"Said policy of insurance provides in Section 17 thereof that in the event of any payment under the policy, the company shall be subrogated to all of the insured's rights of recovery thereof against any person or organization.
It is averred that Commercial Standard Insurance Company is subrogated to the right of the complainants Alfred Eugene Vaughn and Alfred W. Vaughn to contribution from the defendant."
No subsequent amendment of the bill changed this last quotation. There is no allegation in the bill that the suit is brought on behalf of the Insurance Company, and the pertinent prayer of the bill is that:
"The Complainants be given a decree against the Defendants in amount of $1,013.65, plus interest from the date of payment of said judgment and the costs hereof."
The effect of the quoted allegation of the right of subrogation of the company under the policy, section 17, is to assert that if there is a right of contribution, that that right is exclusively in the Insurance Company. There is no assertion that the bill was filed at the direction of the Insurance Company, nor is there any allegation in the bill that any one authorized to act for the Insurance Company had exercised its right of subrogation under the policy.
Aside from this, which we hold to be a conclusive objection to the bill, the complainants fail to show in themselves any loss for which the defendants should partially indemnify them under the equitable principle of contribution. Indeed, the bill alleges that they have been wholly indemnified already by the payment by the Insurance Company of the entire amount of the judgment and costs.
To dispose of the appeal, we find it necessary to consider only one other proposition, which is presented by ground 9 of the demurrer, as follows:
"It is not alleged in the bill that the defendant and the complainants are under a common burden or liability; therefore, there is no right of contribution."
*808 In their bill, complainants make the following averment:
"It is averred that the damages which were found and adjudged against the complainants in favor of Rose Finkelstein, in amount of $2,000 and costs were the result of the joint and active negligence of the complainant Alfred Eugene Vaughn (for which the defendant Alfred W. Vaughn was also liable under the Family Purpose Doctrine) and of the defendant Morris Gill, and that complainants, Alfred Eugene Vaughn and Alfred W. Vaughn, have a right of contribution against the defendant, Morris Gill, for one-half the amount of said Judgment against them."
And by leave of Court, that averment was amended and elaborated as follows:
"* * * by reason of the said concurrent negligence of complainant Alfred Eugene Vaughn and defendant complainants on the one hand and defendant on the other became jointly liable to Rose Finkelstein for the damages sustained by her as a result thereof."
From other averments in the bill it appears that Gill was never a party defendant in the suit of Finkelstein v. Vaughn, and that the foregoing quotation from the bill was a mere conclusion of the pleader and a proposition of law, which is not binding on this Court on the demurrer. From the bill, it is clear that the statement that Gill became liable to Rose Finkelstein in any amount is untrue in fact. From the amount of contribution sought and other averments in the bill, it is also clear that the basis of the suit is the judgment in Finkelstein v. Vaughn, and the Chancellor so found, but no judgment has been rendered against Gill.
The basis of the right to contribution in equity under facts such as those presented here is not that two tort-feasors have jointly committed a wrong, but that an obligation or burden has been imposed on one of two tort-feasors, when in equity, liability for the obligation or burden was common to both.
"In such cases, however, the right of contribution does not spring from concurring negligence. It is only where concurring negligence actually subjects the tort-feasors to a common liability, which it does not always necessarily do, that there can be contribution." 13 Am.Jur., p. 49, sec. 52.
"As stated in Corpus Juris, which has been quoted and cited by the courts, the principle of equity on which the right of contribution is founded can apply only in cases where the situations of the parties are equal, for equality among persons whose situations are not equal is not equitable. Within the meaning of this rule, the situations of the parties are equal when the parties are under a common burden or liability." (Our emphasis.) 18 C.J.S., Contribution, § 3, page 4.
"But there must be a common burden, and the right of contribution arises not out of any contract, but rests upon the principle of equity, that where two persons are subject to a common burden it shall be borne equally by them." Cross v. Scarboro, 65 Tenn. 134, 136. Compare Gibson's Suits in Chy., 1937 Ed., sec. 966; Newson v. Shackleford, 163 Tenn. 358, 43 S.W.2d 384.
Obviously, in the present case, it cannot be said that the comlainants and Gill are under a common burden or liability, when it definitely appears from the face of the bill that the complainants were judgment debtors to Miss Finkelstein; and that Gill was never such debtor, and that the statute of limitations has run against any claim that Miss Finkelstein might have had against Gill as a result of the collision of automobiles.
No Tennessee case has been found which is directly in point, but the appellee in his brief cites and considers a Wisconsin case *809 which is most persuasive, and in which contribution was denied, although Wisconsin is one of the states most liberal in its allowance of the recovery of contribution between joint tort-feasors. Compare Prosser on Torts, Ch. 21, p. 1113. In Walker v. Kroger Grocery & Baking Co., 214 Wis. 519, 252 N.W. 721, 92 A.L.R. 680. Walker, the driver of an automobile which collided with a truck owned by defendant Grocery Company, and driven at the time by its employee, brought suit for damages along with several guests in Walker's automobile. The defendant Grocery Company filed a cross-complaint against Walker and his Insurance Company for contribution. Walker's guests recovered a judgment against the defendants, and the defendants in turn, recovered a judgment for contribution against Walker. Walker and the defendant Grocery Company both perfected their appeals. The Supreme Court affirmed the judgment against the Grocery Company, and reversed the judgment awarding contribution to the Grocery Company against Walker on the ground that Walker was under no common liability with the defendants so far as the guests in Walker's automobile were concerned. The verdict shows that the accident was proximately caused by the concurrent negligence of the two drivers, but there had been no judgment against Walker. In the course of the opinion the Court said:
"As we recently said in Standard Accident Insurance Company v. Runquist, 209 Wis. 97, 102, 244 N.W. 757, 759, `It is clearly established in Wisconsin that in order for one joint tortfeasor to have contribution against another, it must be established that they have been subjected to a common liability and that the one seeking contribution has paid more than his equitable share of the common obligation.' Among the cases cited in support of that statement was Zutter v. O'Connell, 200 Wis. 601, 229 N.W. 74, 76. In that case injury to the plaintiff was caused by negligence of the defendant O'Connell, whose automobile collided with an automobile in which plaintiff was riding, and which was being negligently operated by his father. The latter's negligence was also a cause of plaintiff's injury, and therefore O'Connell sought contribution from plaintiff's father. But as there could not, as a matter of law, be any recovery by the son from his father, even though the latter's negligence was a cause of the son's injury, we held that there existed no such common liability as was the first essential for contribution. Thus we then said: `Although the verdict established the fact that the accident was the result of the concurring negligence of both Thomas O'Connell and Phillip Zutter, the right of contribution does not spring from concurring negligence. A common liability is the first essential for contribution. * * In the absence of a common liability there can be no contribution. Although the negligence of Phillip Zutter concurred to produce the injuries suffered by Donald Zutter, his son, it gave rise to no liability on the part of Phillip Zutter. Thomas O'Connell, therefore, if and when he paid the judgment, discharged no part of Phillip Zutter's liability, which must be the basis of a right to contribution from Phillip Zutter. His cross-complaint was properly dismissed.'" Walker v. Kroger Grocery & Baking Co., 214 Wis. 519, 252 N.W. 721, 725, 92 A.L.R. 680.
Since ground 9 of the demurrer was properly sustained and since that necessitated the dismissal of the bill, it is unnecessary to consider other matters presented, as that effectively disposes of this appeal.
We concur in the result reached by the Chancellor, and his decree is affirmed.

On Petition to Rehear
GAILOR, Justice.
Petition to rehear is filed in this cause in which, by its first part, motion *810 suggesting a diminution of the record is made to supply an omitted part of the original bill, by a certificate of the Clerk and Master. No authority is presented to support the filing of the motion at this late stage, and we are confident that none can be found. It is manifestly improper that after this Court has rendered final judgment on a record, such record should be completed in order to reverse such final judgment. The motion comes too late under our Rule 9, 185 Tenn. 863, which provides that such motion must be made "before the case is called for trial, so that the record may be perfected for the hearing, or the imperfection will be waived."
The second part of the petition to rehear complains of the following statement in our original opinion, 264 S.W.2d at page 808:
"Obviously, in the present case, it cannot be said that the Complainants and Gill are under a common burden or liability, when it definitely appears from the face of the bill that the Complainants were judgment debtors to Miss Finkelstein; and that Gill was never such debtor, and that the statute of limitations has run against any claim that Miss Finkelstein might have had against Gill as a result of the collision of automobiles."
We have carefully re-considered this statement from our original opinion, as well as the authorities we cited to support it, and we adhere to it as our decision. The petitioner argues that because Gill and Vaughn were both guilty of negligence which concurrently caused the accident, that therefore Vaughn may recover from Gill by way of contribution. The test is not whether acting together, both tortfeasors were equally negligent and responsible for the tort, but whether both being under a common burden of liability, one of them had been made to pay more than his equitable share of such liability. A judgment was rendered in favor of Miss Finkelstein against Vaughn, but there never was rendered any judgment of liability in favor of Miss Finkelstein against Gill, therefore there never was any common burden of liability to invoke the equitable doctrine of contribution.
The petition to rehear is denied.