# FIREMAN'S FUND INS. CO. v. ALICE WYATT.
## Guardian, et al.—385 S.W.(2d) 281.

Eastern Section. February 21, 1964.

Certiorari Denied by Supreme Court December 11, 1964.

578

Ayres, Parkey, Skaggs & Ware, Knoxville, for appellant Fireman's Fund Ins. Co.

Poore, Cox, Baker & McAuley, Knoxville, for appellee Aetna Ins. Co.

McAMIS, P. J. This case presents a contest between Fireman's Fund Insurance Company and Aetna Insurance Company as successive sureties on the guardianship bond of Alice Wyatt, the regularly appointed guardian of her minor daughters, Carol Paulette Mason and Geraldine Audrey Mason. At issue is the liability of one or both sureties for approximately $58,000.00 improperly expended by the guardian.

Fireman's Fund Insurance Company has appealed from a decree dismissing the case as to Aetna Insurance Company. To understand the questions presented it is necessary to state in chronological order events leading up to the present proceeding.

On December 20, 1961, William E. Badgett and Alice Wyatt were appointed guardians for the two minors by the County Court of Knox County. On the same date appellant Fireman's Fund Insurance Company became

surety on their guardianship bond in the penalty of $200,000.00.

On February 2, 1962, William E. Badgett was discharged and Alice Wyatt became sole guardian. Aetna's bond in the amount of $200,000.00 was thereupon executed and filed. On the same date the following order was approved by the County Judge and entered:

"In this matter it duly appearing to the Court that Alice Wyatt qualified as the guardian of Carol Mason and Geraldine Mason under a bond of $200,000.00 with Fireman's Fund Insurance Company as surety; that The Aetna Insurance Company has executed a bond in the amount of $200,000.00 for said Guardian and that it is desireable that said Aetna Insurance Company bond replace the Fireman's Fund Insurance Company bond.

"It is, therefore, ordered that said Aetna Insurance Company bond be approved and that it be substituted for the said Fireman's Fund Insurance Company bond; that the said original Fireman's Fund Insurance Company bond be released and discharged and the Clerk is authorized to file and record the said Aetna Insurance Company bond."

Aetna, through its Knoxville agent, almost immediately demanded that the guardian, Alice Wyatt, execute a joint control agreement. The guardian refused, whereupon Aetna announced its intention to withdraw as surety. About the same time Fireman's expressed its willingness to become surety on the bond of Alice Wyatt as sole guardian as it had been on the joint bond of Alice Wyatt and William E. Badgett. Accordingly, on February 8, 1962, an order was entered by the County Judge in terms identical with the order of February 2, 1962, with the names of the two companies reversed.

The petition of the present guardian, Eugent M. Webb, prays for a joint recovery in the amount of $58,584.78 against both Fireman's and Aetna. The latter, while conceding that it is secondarily liable for defaults of Alice Wyatt, insists the Chancellor correctly dismissed it from the suit upon finding Fireman's primarily liable for all defaults whether before or after February 8, 1962, when it was released and Fireman's became successor surety.

The statutory mode for the release of sureties on fiduciary bonds and the effect of such release upon the surety's liability is set forth in T.C.A. secs. 23-2707 to 23-2713, inclusive. T.C.A. sec. 23-2707 provides that any surety who conceives himself in danger of loss may file a petition for release. T.C.A. sec. 23-2708 provides that a principal upon being notified of the filing of a petition by the surety may be required to give ''other sufficient security.'' We quote in full the provisions of T.C.A. sec. 23-2710.

''New bond furnished by principal.—Upon public or private application of any surety, if the principal consents to give a new bond, with satisfactory security, it may be taken without further proceedings, with the same effect, as if executed upon order.''

The two succeeding sections provide that upon the giving of additional security the applicant surety is exonerated of all subsequently accruing liability and that the liability of other sureties not joining in the application remains unimpaired.

The substitution of Fireman's for Aetna on February 8, 1962, was not by written petition with notice to the principal as contemplated by T.C.A. secs. 23-2707, 23-

2708, but was, in our opinion, a proceeding under T.C.A. sec. 23-2710 above quoted, i. e., upon private application of Aetna with the consent of the principal, Alice Wyatt. It was not a proceeding under T.C.A. sec. 34-208, requiring guardians, with certain exceptions, to execute renewal bonds biennially.

■ Where sureties are substituted under one of the modes authorized by statute, the effect is to relieve prior sureties from all liability occurring after the substitution and the two sureties thereafter become liable for prior defaults of the guardian in the inverse order, that is, the new surety becomes primarily liable for such prior defaults and the old surety secondarily liable. Tenn. Hosp. v. Fuqua, 69 Tenn. 608; Crook v. Hudson, 72 Tenn. 448; Jamison v. Cosby & Fergusson, 30 Tenn. 273; Williams v. Hollis, 14 Tenn.App. 374; McCuiston v. Haggard, 21 Tenn.App. 277. See also Phillips' Pritchard, Law of Wills, Sec. 591.

Fireman's cites and relies upon, as sustaining its insistence, that Aetna shares with it a joint primary liability, Bankers Trust Company, Gdn, v. Hamstead et al., 3 Tenn.App. 264; Hickerson v. Price, 49 Tenn. 623; Cross v. Scarboro, 65 Tenn. 134, 135; Gower v. Shelton, et al., 84 Tenn. 652; McGlothlin v. Wyatt, 69 Tenn. 717.

In the first of these cases the Court merely held that a surety on a guardian's bond is not released from primary liability until his successor is appointed and qualified in the manner provided by law. The question of the respective liabilities, whether primary or secondary, of successive sureties was not involved or considered in that case.

Hickerson v. Price, supra, is more nearly in point. In that case the principal on the bond who was Clerk and

Master sought permission of the Chancellor to execute a new bond, tendering at the same time a new bond which the Chancellor accepted. There was no application for release by the sureties on the first bond and no order purporting to release them was entered. The Supreme Court construed the statute, containing language almost identical with T.C.A. sec. 23-2710, above copied, to mean that, to have the effect of releasing the sureties, the application had to be made by them and could not be made by the principal. The record in this case shows without dispute that Aetna was seeking release from the bond because its principal declined to execute a joint control agreement. Accordingly, the new bond of Fireman's was accepted and an order entered releasing Aetna from future liability.

In Cross v. Scarboro, supra, it appears the Supreme Court had held on a former appeal that the first sureties remained liable because no order was ever entered releasing them and, consequently, that the second sureties never became liable. The first surety having paid the amount of the guardian's defaults brought the second action seeking contribution from the second sureties. The Supreme Court held that the second sureties, having been exonerated of all liability in the first suit, could not be forced in the second action to contribute to the loss.

The next case relied upon by Fireman's is Gover et ux. v. Shelton, 84 Tenn. 652. That was a proceeding instituted by formal petition by the original sureties on an administrator's bond under what is now T.C.A. sec. 23-2707. Here, the release is claimed under T.C.A. sec. 23-2710 upon consent of the principal. While the order itself does does not recite the willingness of the principal to furnish a new bond, her execution of the new bond by

Fireman's is record evidence of her willingness as well as her active participation in the substitution. We hold that the absence of such recital of the order itself does not invalidate the release of Aetna and the substitution of Fireman's.

In McGlothlin v. Wyatt, the last case relied upon by Fireman's, the County Court upon its own initiative ordered the guardian to "give other and better security". Later, on the appointed day, the guardian complied by giving another bond with new sureties. When Gray, one of the sureties on the original bond, was sued he contended that he had been released. Gray was not a party to the proceeding initiated by the County Court. No order was entered purporting to release him nor did the principal willingly execute the new bond. Obviously, no attempt was made to obtain the release of the surety in any of the statutory modes. That case is not in point here.

We are of opinion the Chancellor was correct in refusing to hold both sureties jointly and equally bound and that Fireman's is primarily liable and Aetna secondarily liable. If the guardian had appealed and raised the question, we would be disposed to leave Aetna in the case as a party defendant until Fireman's has made good its primary obligation. Fireman's, the only appellant, can not complain because the case was dismissed as to a party having a liability secondary to its own primary liability. The judgment herein will be without prejudice to any future action to enforce Aetna's secondary liability.

Affirmed and remanded, with costs of appeal to be adjudged against Fireman's and surety on its appeal bond.

Cooper and Parrott, JJ., concur.