**SECURITY FIRE PROTECTION COMPANY, INC., Third Party Plaintiff–Appellant,**

v.

**CITY OF RIPLEY, Third Party Defendant–Appellee.**

Court of Appeals of Tennessee, Western Section.

July 21, 1980.

Permission to Appeal Denied by Supreme Court Oct. 6, 1980.

for the damages to its premises caused by the ruptured water line.

The appellant answered the complaint on June 19, 1978, and also filed a third party complaint against the City of Ripley, the third party defendant–appellee in this suit. The appellant alleged that the negligence of the employees of the appellee was the direct and proximate cause of any loss or damage suffered by Master Trouser and sought contribution or indemnity from the appellee for any damages it might have to pay to Master Trouser.

The appellee made a motion for a summary judgment on April 9, 1979, and the trial judge sustained the motion on July 2, 1979. In that same order, the appellant excepted and prayed for a discretionary appeal which was denied by the trial court. Thereafter, the appellant settled with Master Trouser and paid that company the sum of $7,500.00. The judgment entered on October 16, 1979, also dismissed the original complaint and the third party complaint with full prejudice.

The appellant appealed to this court and presented two issues, and the appellee then raised five issues.

■ The appellee alleged that the judgment signed by the trial judge and entered on October 16, 1979, was a consent judgment; therefore, the appellant, as a party to the consent judgment, voluntarily dismissed its third party complaint against the appellee and has no legal basis to appeal the case. In examining the judgment, we find it states: "that all matters in controversy between plaintiff and defendant have been settled by consent," the plaintiff and defendant being Master Trouser and the appellant herein. It does not appear in the judgment that the appellant consented to the dismissal of its third party complaint filed against the appellee. In fact, in the order granting the summary judgment to the appellee, it is clearly stated that the appellant excepted to the ruling of the court. We hold that this appeal is properly before this court for our consideration and respectfully overrule the first issue presented by the appellee.

J. Thomas Caldwell, Ripley, for third party plaintiff–appellant.

Hubert B. Jones, Dyersburg, for third party defendant–appellee.

SUMMERS, Judge.

On May 26, 1976, Security Fire Protection Company, Inc., the third party plaintiff–appellant, was installing a sprinkler system on the premises of Master Trouser Corporation when it ruptured a city water line. On May 23, 1978, Master Trouser sued the appellant

The remaining issues will not be discussed *seriatim*. These issues concern whether the appellee was immune from suit under the Governmental Tort Liability Act for the alleged acts of negligence of its employees; whether the appellant is barred from recovery under its third party complaint for contribution because of the appellee's immunity from suit by Master Trouser; and whether a suit for contribution may be instituted against the appellee more than twelve months after the initial cause of action arose.

Chapter 33 of Tennessee Code Annotated is the Governmental Tort Liability Act. T.C.A. § 23–3311 provides for the removal of immunity for injury caused by the negligent act or omission of employees of the governmental entity and exceptions thereto. Further, sections of the act provide the time for filing notice of the claim, and, if the claim is denied, suit must be filed in the circuit court within twelve months after the cause of action arises. Therefore, Master Trouser lost any claims it had against the appellee because it did not file within the time prescribed by the statute.

T.C.A. § 23–3322 provides:

The court, before holding a governmental entity liable for damages, must first determine that the employee or employees [sic] act or acts were negligent and the proximate cause of plaintiff's injury, that the employee or employees acted within the scope of his or their employment and that none of the exceptions listed in § 23–3311 are applicable to the facts before the court. . . .

In the case before us, a summary judgment was granted to the appellee, and the learned trial judge, therefore, made no determination as set out in T.C.A. § 23–3322. This the court will have to do at the trial of the case upon its remand to the lower court.

The appellee relies on the case of *Vaughn v. Gill*, 264 S.W.2d 805 (Tenn.1953), for the proposition that if the statute of limitations has run on the injured party's claim against the party from whom contribution is sought prior to the time that an action for contribution is filed, this would preclude any common liability existing between the tort–feasors and would preclude an action for contribution. In *City of Kingsport, Tennessee v. SCM Corporation*, 429 F.Supp. 96 (E.D. Tenn.1976) is the following:

> . . . In *Vaughn v. Gill* (1953), Tenn., 264 S.W.2d 805, 808[5], it was held that there was no common liability where the plaintiff's claim against the co–obligor against whom contribution was sought was barred by the statute of limitations and thus contribution was not available. This opinion was withdrawn from the official Tennessee Reports by the Tennessee Supreme Court. As to its precedential value herein, "* * * [it] is merely the opinion of the judge who filed it and is binding upon only the parties to that particular litigation. * * *" . . . It is thus clear that the moving defendants–by–counterclaim are not entitled to a summary judgment on their contention that, since Kingsport's action against them would have been barred by the statute of limitations, then SCM's claim for contribution or indemnification would likewise be barred.

Therefore, we cannot rely on *Vaughn, supra*. We find *City of Kingsport, Tennessee, supra*, to be dispositive of the case at bar.

The City of Kingsport sued SCM Corporation and Special Coatings, Inc., for damages from a defective roof which had been placed on a high school building. SCM pled the statute of limitations as the defense and then filed a counterclaim for contribution and indemnity against Steel and Roof Structure, Inc., Bristol Pre–Stressed Concrete Corporation and J. Larry Poole and William Hamilton Wallace, alleging that they performed their duties negligently and that they should share any responsibility for any loss caused by defects in the roof. Suit was brought on December 15, 1970, and the proof showed that the City of Kingsport had occupied the building since September, 1967. The Court ruled that the three year statute of limitations under T.C.A. § 28–305 was applicable. After several days of testimony at the trial, the plaintiff and the

defendants reached a settlement, and SCM agreed to pay the plaintiff $300,000.00, the full amount of damages sought.

The defendants by counterclaim made a motion to dismiss or for a summary judgment, which the court granted. The Court based its decision on the fact that since SCM and Coatings had pled in their answers to the original complaint that such action was barred by the statute of limitations, they were estopped to deny that their original claim was so barred and thus no common liability for contribution or indemnity would lie.

SCM appealed to the Court of Appeals for the Sixth Circuit, and that court reversed the summary judgment and remanded the matter back to the district court. The defendants by counterclaim argued that as the City of Kingsport's claim against SCM was barred by the three year statute of limitations and SCM settled with the city on a voluntary basis and not under legal obligation, SCM was not entitled to contribution or indemnity as a matter of law. However, there was a factual issue presented as to whether SCM has induced the city to delay bringing suit so that SCM waived or was estopped from asserting the statute of limitations as a defense herein. The court found that the statute of limitations and forbearance were issues for the jury to determine.

As to whether a defendant could claim the right of contribution or indemnity against a joint tort–feasor although the statute of limitations had run against the plaintiff suing the other joint tort–feasors, the court in *City of Kingsport, Tennessee, supra* discussed the matter, and we quote several parts of that case:

> It should be noted initially that, for the purposes of these motions, it makes no difference whether SCM's theory is based upon contribution or indemnity. "* * * [I]ndemnity under the active–passive negligence theory is more 'akin to contribution between tort–feasors, and should be governed in this regard by the principles applied to contribution.'

> "* * * The general rule seems to be that where the original defendant alleges facts showing that the additional defendant is liable over to him, joinder is generally held to be proper, and the fact that the statute of limitations will bar the plaintiff from a direct recovery against the additional defendant has no effect on the defendant's right to enforce his claim of contribution or indemnity, since the cause of action owed by the plaintiff is distinct from the cause of action arising out of the duty of the additional defendant to indemnify the defendant. * * *" Anno: 8 A.L.R. (2d) 6, 139, & 70. According to the American Law Institute, where C bring an action against B for damages and B in turn seeks indemnification from A, even if "* * * C does not bring suit until the [s]tatute of [l]imitations has run in favor of A although not in favor of B * * * B is entitled to indemnity from A. * * *" Restatement of the Law, Restitution (1st) § 86, illustration 3 to comments. "* * * [T]he rule supported by most of the authorities is that an obligor who has been compelled to pay more than his proportion of the common obligation may compel his co–obligor to contribute the amount he ought to have paid, although an action against the latter by the obligee would have been barred if instituted at the time of the payment by the claimant, as, for example, where the statute [of limitations] has run against his co–obligor. * * *" 18 Am. Jur. (2d) 29–30, Contribution § 14.

The aforementioned legal rules are entirely consistent with the nearly–universal view that the statute of limitations for an action for indemnity or contribution does not commence to run until there has been a payment made or some loss suffered by a party seeking such indemnification or contribution....

As our Supreme Court has held in *Butler v. Trentham*, 224 Tenn. 528, 458 S.W.2d 13 (1970), a suit for contribution is, whether in equity or at law, not *ex delicto* in nature. Therefore, we conclude that the one year statute of limitations for tort

claims against governmental entities as provided for in the Governmental Tort Liability Act is not applicable to this case.

Chapter 31 of T.C.A. is entitled "Contribution Among Tort–Feasors". Section 23–3102 provides:

> ... a. Except as otherwise provided in this chapter where two (2) or more persons are jointly or severally liable in tort for the same injury to persons or property or for the same wrongful death, there is a right of contribution among them even though judgment has not been recovered against all or any of them; but no right of contribution shall exist where, by virtue of intrafamily immunity, immunity under the workmen's compensation laws of the State of Tennessee, or like immunity, a claimant is barred from maintaining a tort action for injury or wrongful death against the party from whom contribution is sought.

We must agree with the appellee's interpretation of this statute as set forth in its brief. The exceptions to the right of contribution noted in the section are intrafamily immunity, immunity under the workmen's compensation laws of the State of Tennessee or like immunity. These immunities listed are blanket immunities; at no time can an action be brought due to this type of immunity.

However, in the case before us, the appellee was not immune from suit. It could have been sued by Master Trouser within a year after the damages to Master Trouser's property had the proper notice of 120 days been given and the statutory requirements met. But this is not a tort action so we are not concerned with the 120 days notice.

There is a vast difference between the blanket immunities listed in T.C.A. § 23–3102 and the defense of the one year statute of limitations. Since the appellee could at one time have been sued by Master Trouser, it can now be sued for contribution by the appellant if the suit for contribution is brought within one (1) year after satisfaction of judgment. (T.C.A. § 23–3104)

We remand the case back to the trial court to make the determinations enumerated by T.C.A. § 23–3322. If such determinations are made in favor of the appellant, then the court should proceed to a trial on the merits as to the question of contribution by the appellee.

The costs in this cause are adjudged against the appellee.

MATHERNE, J., concurs.

NEARN, J., dissents.

### JUDGMENT

SUMMERS, Judge.

This matter came on to be regularly considered on the record. For the reasons set forth in our opinion of even date, it is ordered:

1. That the judgment of the trial court dismissing the cross claim of the appellant against the appellee is reversed, and this cause is remanded back to the trial court for it to make determinations as set out in T.C.A. § 23–3322, and if such determinations are made in favor of the appellant, then for a trial on the merits as to the question of contribution by the appellee.

2. That the costs of this appeal are assessed against the appellee.

NEARN, Judge, dissenting.

I must respectfully dissent from so much of the Opinion of the majority that holds the Tennessee Governmental Tort Liability Act (TGTLA) is inapplicable because it concerns tort claims and I dissent from the instructions on remand.

Although I do not differ with the conclusion and reasoning of the Federal Judges in the case of *City of Kingsport, Tenn. v. SCM Corp.*, 429 F.Supp. 96 (E.D.Tenn.1976), I do not believe that their holding is dispositive of the instant case. In the *SCM* case the municipality was the plaintiff, not the defendant. Therefore, the issue or doctrine of governmental immunity was never present in the case. All of the rights of all of the parties in that case were determined by a

common statute of limitations of three years. Kingsport was in no greater position than any private citizen when it filed its suit against SCM. Defendant SCM pleaded the statute of limitations of three years. Kingsport countered with the defense that SCM had induced it to forebear the timely filing of suit. SCM settled with the plaintiff Kingsport for $300,000.00 and then sought contribution from other named defendants against which SCM had filed a counterclaim after being sued by Kingsport. The counterclaim defendants all asserted the defense of the three year statute of limitations against SCM. The counterclaim defendants argued that whether or not SCM induced Kingsport not to timely sue had no effect upon them because that was a matter between SCM and Kingsport and in either event would not authorize Kingsport to sue them more than three years after the event. Therefore, there could be no common burden or liability between them and SCM to Kingsport at the time of suit and a common burden at such time was essential for recovery under the doctrine of contribution. In refuting this argument the Federal Court noted the withdrawal of publication from official state reports of *Vaughn v. Gill* by the Tennessee Supreme Court wherein the Court, in the course of its withdrawn opinion had stated that a common burden to another must exist at the time a suit for contribution was filed. In other words, a judgment must exist against all against whom contribution is sought. A foreseeable result of such a holding in *Vaughn* could be one where a party waits until the last day of a particular statute of limitations to file suit against only one of several joint tort–feasors thereby defeating any contribution rights that the sued tort–feasor might have against other tort–feasors. Perhaps this is why *Vaughn v. Gill* was withdrawn from publication in the official Tennessee Reports.

In any event, the holding by the Federal Judges in attempting to apply Tennessee law was that in order for contribution to be applicable it was necessary that the common liability exist at the time the original plaintiff's claim arose. With this principle I

agree and this principle has application to the instant case, but is not dispositive of it.

Applying the SCM principle to this case, we have a situation where the counterclaim pleadings charge that at the time of the water damage to Master Trouser Corporation a common liability existed between Security and the City of Ripley to Master Trouser. Now I agree with my colleagues on this Court that the nature of contribution is not *ex delicto*. Neither is it *ex contractu*. It rests rather on principles of equity and natural justice. In my opinion it does not necessarily follow from that admission that the one year statute of limitation for tort claims against governmental entities as provided for in the Tennessee Governmental Tort Liability Act is not applicable to this case because it concerns torts. However, I concur that the twelve month period for filing of claims under the Tennessee Governmental Tort Liability Act is not applicable to this case, but for different reasons.

T.C.A. § 23–3102 which is part of the Uniform Contribution Among Tort Feasors Act provides in pertinent part:

" . . . but no right of contribution shall exist where, by virtue of intrafamily immunity, immunity under the workmen's compensation laws of the state of Tennessee, or like immunity, a claimant is barred from maintaining a tort action for injury or wrongful death against the party from whom contribution is sought."

The word "claimant" as used in the Uniform Contribution Among Tort–Feasors Act means the original plaintiff and not the party seeking contribution. Therefore, if the verbiage of T.C.A. § 23–3102 were juxtaposed to the principals in this case it would provide, " 'but no right of contribution shall exist where,' by virtue of a doctrine of immunity Master Trouser 'is barred from maintaining a tort action for injury . . .' against the City of Ripley." At the time of the enactment of T.C.A. § 23–3102 the Tennessee Governmental Tort Liability Act was not in existence. Prior to its enactment the governmental entity enjoyed

absolute immunity from tort liability. Had the Tennessee Governmental Tort Liability Act not been enacted Security would have no claim against the City of Ripley because Master Trouser would have been barred by absolute immunity. However, the Tennessee Governmental Tort Liability Act was enacted and, in my opinion, must be considered with this case in order to ascertain if Master Trouser's claim is barred by the doctrine of governmental immunity.

First, it should be recognized that T.C.A. § 23–3102 (UCATFA) does not provide that contribution rights are barred by any statute of limitations that may affect rights between a "claimant" (original plaintiff–Master Trouser) and the party from whom contribution is sought but are barred only by doctrines of immunity as may exist between those parties. Therefore, if immunity is removed, but a suit is not timely filed under a statute of limitations, such suit would be barred by the statute of limitations and not by the doctrine of immunity. In fact, T.C.A. § 23–3317 (TGTLA) provides that *"where immunity from suit has been removed"*–the action–"must be commenced within twelve (12) months after the cause of action arises." Therefore, it is my conclusion that resolution of the problem before us requires only the determination of whether or not, as between Master Trouser and the City of Ripley, immunity has been removed by the Tennessee Governmental Tort Liability Act *and not whether or not* the statute of limitation therein would bar Master Trouser from suing the City of Ripley.

Section 23–3307 (TGTLA) provides that, "Except as may be otherwise provided in this chapter, all governmental entities shall be immune from suit...." Therefore, a blanket immunity exists unless a specific provision is made to the contrary.

Section 23–3311 (TGTLA) specifically removes immunity for all injuries caused by employees except in eight enumerated instances. Since this is only a dissent, and an over–long one at that, suffice it to say that I am of the opinion that this case presents none of those eight exceptions.

Therefore I conclude that the Tennessee Governmental Tort Liability Act removes immunity as a bar to any suit Master Trouser might have had against the City of Ripley. It is my view that after reaching this conclusion, no part of the Tennessee Governmental Tort Liability Act has any further application to this case. I reach this conclusion not because the Tennessee Governmental Tort Liability Act concerns torts, but because the Act removes immunity as a defense to a Master Trouser claim against the City of Ripley. The fact that Master Trouser did not meet the notice requirements or the twelve month filing provisions of the Tennessee Governmental Tort Liability Act does not reinstate immunity. Once immunity is removed, failure of a claimant to comply with the Act would result in a dismissal of his case not because of immunity, but because of a failure to comply just as if a claimant might have his claim dismissed for failure to answer interrogatories or follow some other order of the Court. The failure to comply, not immunity, would cause the dismissal.

Since this matter is before us on an appeal from an order granting summary judgment, I do not agree with my colleagues that on remand the Trial Court will have to determine the applicability of T.C.A. § 23–3322 (TGTLA). We ought to have performed that task based on the record before us. First, the suit by Security against the City of Ripley is not under the Tennessee Governmental Tort Liability Act, but is under the Uniform Contribution Among Tort–Feasors Act. Since the City of Ripley was not immune from suit by Master Trouser, third party plaintiff Security has a right to sue the City of Ripley under the Uniform Contribution Among Tort–Feasors Act which it has done. Second, the conduct of the trial of Security's claim against the City of Ripley is brought under and governed by the Uniform Contribution Among Tort–Feasors Act, not the Tennessee Governmental Tort Liability Act. T.C.A. § 23–3322 in my opinion applies only to those cases where the conduct of the trial is under the Tennessee Governmental Tort Liability Act

and this case should not be so conducted. Therefore in my opinion T.C.A. § 23–3322 is irrelevant. The statute that this Court should concern itself with is T.C.A. § 23–3311 which is the statute governing whether immunity in fact exists. Since in my opinion, none of the exceptions to removal of immunity listed in § 23–3311 are presented by the record on appeal, that code section removes the defense of immunity by the City of Ripley from any claim by Master Trouser. It is my opinion that once a determination is made that the doctrine of immunity does not bar a claim brought under the Uniform Contribution Among Tort–Feasors Act, no further consideration whatsoever ought be given any procedures under the Tennessee Governmental Tort Liability Act, but the case sought to proceed as an ordinary contribution case with the governmental entity being treated as any ordinary citizen with the exception that any judgment against the governmental entity would be limited in amount as prescribed by the Tennessee Governmental Tort Liability Act.

I do not overlook T.C.A. § 23–3307 (TGTLA) which in part provides: "When immunity is removed by this chapter any claim for damages must be brought in strict compliance with the terms of this chapter." I construe that sentence to apply only to tort claims filed under that chapter. This must be the meaning thereof because first the Act removes immunity from suit for "injuries" sustained by others; second, is titled Tennessee Governmental *Tort* Liability Act; third, to my knowledge the Sovereign has never enjoyed absolute immunity from non–tort actions and fourth, as we all agree, an action for contribution is not tortious in nature.

Therefore, I would reverse the action of the Trial Judge and order the matter tried as a simple claim for contribution.

Done at Jackson in the two hundred and fifth year of our Independence and in the one hundred and eighty–fifth year of our Statehood.