LEVI WILLIAMS, Plaintiff in Error, v. EARNEST
PRITCHARD, JR., Defendant in Error.—306 S. W.
(2d) 46.

Eastern Section. July 9, 1957.

Petition for Certiorari Denied by Supreme Court, October 4, 1957.

Jack Wilson, Asst. Atty. Gen., for plaintiff in error.

Dietzen, Graham, Dietzen & Brock, Chattanooga, for defendant in error.

McAMIS, P. J.  Earnest Pritchard, Jr., sued Levi Williams, an employee of the State Game and Fish Commission, in the Circuit Court of Hamilton County, for personal injuries sustained when a state owned truck operated by defendant collided with the rear of a truck being operated by the plaintiff. The plaintiff, just prior

to the collision, had stopped in obedience to a traffic signal and, at the time of the collision, was waiting for the light to change. Defendant was engaged in the transportation of fish for the State Game and Fish Commission and, after the institution of this suit, plaintiff filed a claim against the State with the State Board of Claims.

The defendant filed a plea of the general issue and, upon plaintiff's motion, was required to plead his defenses specially. The defenses set up by the special pleas are that, due to a latent defect, the accident occurred as the result of an unexpected locking of the brakes on the truck operated by defendant and that, by filing his claim against the State, plaintiff had made a binding election precluding him from maintaining the present action.

The defendant's motion for peremptory instructions was overruled and, in overruling defendant's motion for a new trial, a verdict for $1,000 was approved. Defendant has appealed and assigned as error that the undisputed proof shows that he had the State owned truck which he was driving under proper control; that the collision occurred due to a latent or hidden defect in the brakes and that the motion for a directed verdict should have been sustained because of the election of plaintiff to file a claim against the State. It is also insisted the Court, after charging that defendant would not be liable if the collision occurred as the result of a latent defect in the brakes, erred in repeating more than once that, nevertheless, defendant was required to exercise due care and keep a proper lookout for other vehicles.

Taking the view of the evidence most favorable to the plaintiff who comes to this court with a verdict

and judgment in his favor, as we are required to do, the facts are:

The collision occurred early in the morning on a four lane highway leading out of Chattanooga. Both vehicles were traveling eastwardly on the inside lane. It had been raining and the street was wet. Defendant saw plaintiff in his employer's truck waiting for a green light when defendant reached a point 150 feet west of the intersection. He was traveling 25 or 30 miles per hour but, despite the fact that the street was wet and his truck loaded with 200 gallons of water, he did not apply his brakes until he was within 35 feet of the truck operated by plaintiff. When he did so the wheels began to skid and, according to his testimony, the steering wheel locked and he could not cut to the right or left in order to avoid a collision. The brakes on the truck had been adjusted in April preceding the collision in May and, on the morning of the collision, had worked properly over a distance of more than 100 miles. They were examined following the accident and found to have "a good pedal" and to operate properly. There is evidence that the locking of brakes will not cause a locking of the steering wheel.

■ Defendant relies upon Lively v. Atchley, 36 Tenn. App. 399, 256 S. W. (2d) 58, and prior cases cited in the opinion in that case for the rule that the driver of a motor vehicle is not liable for damages resulting from a locking of the brakes due to a latent defect of which he had no knowledge and of which he would not have acquired knowledge in the exercise of due care. This is the rule but it does not entitle the driver to a directed verdict if there is a reasonable basis for dis-

144

agreement among reasonable minds as to whether the accident resulted from defects or due to negligence of the driver in the operation of the vehicle.

██ In the case cited the jury found for the defendant and there was no other reasonable explanation of the cause of the accident except the unexpected locking of the brakes. Here there was evidence that the brakes were in good condition and a jury could reject defendant's testimony and find that the driver failed to apply his brakes soon enough, under all the circumstances, to avoid endangering the plaintiff. The case is more like Purser v. Thompson, 31 Tenn. App. 619, 219 S. W. (2d) 211. There was no error in overruling defendant's motion for a directed verdict unless, as insisted, plaintiff is bound by an election, a question now to be considered.

██ In support of his theory of election defendant cites and relies upon Kendrick v. Moss, 104 Tenn. 376, 58 S. W. 127 and Phillips v. Rooker, 134 Tenn. 457, 184 S. W. 12. In Kendrick v. Moss, the obligee of a bond attempted to prosecute concurrently an action against the principal and a motion against the surety. In the Phillips case the holder of a lien arising out of the sale of timber first obtained a pro confesso decree against the persons who negotiated for the purchase of the timber and then sought to hold Blue Ridge Tie Company, another defendant, on the ground that the persons negotiating the purchase were its agents. In both cases the action was ex contractu.

Defendant insists that only where the actors causing the injury are to be classed as joint tortfeasors can the injured party maintain separate and independent actions against each wrongdoer and that where the liability of

the master is purely derivative the master and servant, though jointly liable, are not joint tortfeasors.

■ It is true some cases indicate doubt as to whether, in such a case, the relationship of the master and servant to the wrongful act is that of joint tortfeasors. Mc-Laughlin v. Siegel, 166 Va. 374, 185 S. E. 873; United States v. First Sec. Bank, 10 Cir., 208 F. (2d) 424, 42 A. L. R. (2d) 951; 35 Am. Jur. 963, Master and Servant, Section 535. The cases seem to agree, however, that in determining whether a release of one releases the other and whether they can be sued jointly or severally they are to be treated as joint tortfeasors.

"On the question of joinder of principal and agent as parties defendant in actions predicated upon the tort of the agent, there is some lack of harmony in the decisions. According to the general rule, if the tort for which the plaintiff sues was committed by an agent so that there is liability upon both the agent, for the commission of the tort, and upon the principal, for the act of the agent within the scope of his employment, both principal and agent may be joined as parties defendant. *Under this rule, the principal and agent may be sued separately or as joint tortfeasors, at the election of the one injured.* It is not necessary to join principal and agent as joint tortfeasors or trespassers * * *." 2 Am. Jur. 345, Agency, Section 437. (Italics ours.)

As supporting the italicized portion of the text the author cities Campbell v. Portland Sugar Co., 62 Me. 552, 16 Am. Rep. 503; Blondell v. Consolidated Gas Co., 89 Md. 732, 43 A. 817, 46 L. R. A. 187; Creed v. Hartmann, 29 N. Y. 591, 86 Am. Dec. 341.

Defendant cites no authority holding that in tort actions separate suits may not be maintained against the principal and agent. We have found none and hold, both upon reason and under the authorities cited, that plaintiff cannot be held to have elected. There are perhaps other reasons for holding the defense of election inept which need not be discussed.

We find no error in the charge and it results that all assignments are overruled and the judgment affirmed at defendant's cost.

Hale and Howard, JJ., concur.