DOROTHY RANKHORN, Plaintiff-Appellee, v.
SEALTEST FOODS, Defendant-Appellant.
—479 S.W.2d 649

Middle Section. December 3, 1971.

Certiorari Denied by Supreme Court May 1, 1972.

George H. Cate, Jr., and John C. Tune, Jr., Nashville, for plaintiff-appellee.

Walter C. Leaver, Jr., of Barksdale, Whalley, Leaver, Gilbert & Frank, Nashville, for defendant-appellant.

PURYEAR, J. This suit is for personal injuries and property damage arising out of a collision between plaintiff's automobile and a truck owned by Sealtest Foods, which truck was driven at the time of the accident by its employee, Wesley G. Clark.

The suit was originally filed by plaintiff against Sealtest and Clark and another party by the name of William

G. Adler, Sr., whose vehicle was also involved in the accident.

Process was never served on the defendant, Clark, the Sheriff's return on the summons showing that he could not be found in Davidson County.

The plaintiff took a voluntary nonsuit as to Clark and the suit was dismissed as to him, on August 10, 1966. At conclusion of trial of the case, judgment was rendered against Sealtest and Adler for $50,000.00. Both defendants appealed, but Adler has voluntarily dismissed his appeal and now the only appellant is Sealtest.

The suit was filed on April 27, 1966, and the accident is alleged to have occurred on May 10, 1965.

The defendant, Sealtest, first filed a general issue plea of not guilty on October 15, 1966. Thereafter, Sealtest then filed the following additional pleas:

(1) "Comes the defendant, Sealtest Foods Division of National Dairy Products Corporation and for plea to the declaration filed against it and other defendants in this cause, says that it is not guilty of the matters, things and damages as alleged therein and defendant demands a jury to try the cause, and

The defendant Sealtest Foods Division of National Dairy Products Corporation further states and shows to the Court that the plaintiff, Dorothy S. Rankhorn, is barred by law from suing the defendant's servant, Wesley G. Clark, and has not sued said servant, and that Dorothy S. Rankhorn is likewise barred from

maintaining a suit against said master, Sealtest Foods Division of National Dairy Products Corporation, as the liability of said master is predicated solely on the doctrine of respondent superior.''

\* \* \* \* \* \*

(2) ''Comes the defendant, Sealtest Foods, and in addition to the general issue plea and special plea in bar heretofore filed by said defendant, states and shows to the Court that the plaintiff Dorothy Rankhorn is barred by law from suing the said servant Wesley Clark by the plaintiff's failure to either obtain alias process from term to term, recommence her law suit, or obtain any service of process upon the Secretary of State of the State of Tennessee, after and subsequent to her voluntary dismissal of her suit against said servant, Wesley Clark, on August 10, 1966.'' (Tech. Rec. pp. 36, 37)

The plaintiff demurred to the foregoing special pleas of the defendant, Sealtest, which demurrer to said special pleas was sustained.

From the order of the trial Court sustaining said demurrer, the defendant, Sealtest, prayed a discretionary appeal, which was denied by the trial Court.

Thereafter, the case was tried before the Circuit Judge and a jury with the result heretofore indicated.

Upon conclusion of the proof presented by plaintiff, the defendant, Sealtest, moved for a directed verdict in its favor upon the same grounds set forth in said special pleas, which motion for directed verdict was overruled.

Sealtest has filed two assignments of error, both of which challenge the action of the trial Court in failing to dismiss the suit upon the theory that there could be no recovery against Sealtest, since the suit had been dismissed as to its employee, Clark, and the statute of limitations had barred any further action against said employee.

The plaintiff concedes that her suit against Sealtest is predicated upon the doctrine of *respondeat superior.*

Counsel for defendant cites D. B. Loveman Co. v. Bayless (1913), 128 Tenn. 307, 160 S.W. 841 and Stewart v. Craig (1960), 208 Tenn. 212, 344 S.W.2d 761, in support of the assignments of error.

Loveman v. Bayless was a case wherein the plaintiff sued two employees and their employer, and the case against the employer was predicated in part upon the doctrine of *respondeat superior.* The jury rendered a verdict against the employer and a verdict in favor of the employees, thus exonerating them from all blame.

The Supreme Court held that when the employer is sued solely for misfeasance or nonfeasance on the part of his servants, being liable for their conduct only under the doctrine of *respondeat superior,* a verdict, permitted to stand in favor of such employees, either in an action where they are sued with the employer, or in a prior action, entitles the employer to a discharge from such claimed liability.

However, the verdict against the employer and the judgment rendered thereon by the trial Court was sustained upon the grounds that the plaintiff insisted there

was evidence to support the verdict independent of the doctrine of *respondeat superior* and there was no assignment of error to the effect there was no such independent evidence to support the verdict.

In Stewart v. Craig, the plaintiff's suit against the employer was predicated upon the doctrine of *respondeat superior*. In that case plaintiff accepted a sum of money from the employee, who was operator of the automobile which caused the accident and gave such employee a covenant not to sue. The Supreme Court held that the injured person was barred by law from suing the servant and therefore, he was likewise barred from suing the employer, as his liability was predicated solely on the doctrine of *respondeat superior* and affirmed the judgment of the trial Court dismissing the suit against the employer.

In Stewart v. Craig, the Supreme Court cited D. B. Loveman Co. v. Bayless, supra, and relied upon it as one of the authorities for affirming dismissal of suit against the employer. We think that the heart of the rule followed in both of those cases is found in the following language of the Court in D. B. Loveman Co. v. Bayless:

"The reason on which the conclusion rests, in cases involving master and servant, is that where the servant by whose act the injury occurred is exonerated it is contradictory and absurd to find the master guilty on the same evidence; that the servant's liability is primary, that of the master secondary, or derivative, depending wholly on his duty to respond for the fault of his servant in the line of his employment, in the nature of a suretyship; that when the relations between the

two are left undisturbed, the master has the right to recover over against the servant for any liability imposed upon the former by the misconduct of the latter, but if the latter be exonerated in an action between him and the injured person, this status is destroyed, and the master prevented from such recovery. As to the rationale of liability or nonliability, it is said in New Orleans & N. E. R. Co. v. Jopes, 142 U.S. 18, 24, 27, 12 S.Ct. 109, 111, 112, 35 L.Ed. 919, in which it was sought to hold a railroad company liable for the act of its conductor in injuring a passenger: 'It would seem on general principles that if the party who actually causes the injury is free from all civil and criminal liability therefor, his employer must also be entitled to a like immunity. . . . If the immediate actor is free from responsibility because his act was lawful, can his employer, one taking no direct part in the transaction, be held responsible?

. . . . . The question carries its own answer; and it may be generally affirmed that if an act of an employe be lawful, and one which he is justified in doing, and which casts no personal responsibility upon him, no responsibility attaches to the employer therefor.' The reason on which the other cases rest is that everyone is entitled to his day in court, and no more, on the same cause of action; that he has enjoyed this right when he has contested the matter with persons committing the wrong and primarily liable, and has been cast in such suit; that to permit him after this to contest the matter with one only secondarily liable would be to give him two suits upon the same cause of action. *It is said to be a branch of the law of res adjudicata,* but not requiring that the parties should be the same,

or those strictly in privity. These questions have not previously arisen in our state except in cases involving principal and surety, and on this subject our authorities are fully in accord with the current of authority." (emphasis supplied) (Supra, 128 Tenn. pp. 315, 316, 160 S.W. p. 843)

The real thrust of these two decisions of the Supreme Court is to lay down the rule that if a person whose right of recovery from the *employer* rests solely upon the doctrine of *respondeat superior* should fail to establish liability of the *employee* or should extinguish the *employee's* liability or should confer upon the *employee* an affirmative substantive right to prevent liability from being placed upon him, then such person cannot recover from the *employer*.

The plaintiff's dismissal by voluntary nonsuit as to the employee does not place her cause of action against the employer within this rule, for such dismissal did not extinguish her cause of action against the employee or confer upon him any affirmative substantive right to prevent a recovery against him (as for example, by executing a covenant not to sue him) but, the dismissal merely produced the same effect as if the employee had never been sued by plaintiff.

■ A voluntary nonsuit as to the employee, no satisfaction or recovery having been received and no determination of liability or nonliability having been made thereby, does not release the employer.

■ As for proving her right to recover damages from the employee, plaintiff successfully carried this burden

by introducing evidence of sufficient probative value to show that he was guilty of negligence which proximately caused the accident. This is evidenced by the jury verdict in her favor against the employer, which verdict was approved by the trial Judge.

The right of a person who has been injured or whose property has been damaged by negligence of an employee to sue the employer without joining the employee as a defendant has been well established in Tennessee by an opinion of this Court in Williams v. Pritchard (1957), 43 Tenn. App. 140, 306 S.W.2d 46, wherein the Court quoted with approval from Volume 2 Am.Jur. as follows:

" 'On the question of joinder of principal and agent as parties defendant in actions predicated upon the tort of the agent, there is some lack of harmony in the decisions. According to the general rule, if the tort for which the plaintiff sues was committed by an agent so that there is liability upon both the agent, for the commission of the tort, and upon the principal, for the act of the agent within the scope of his employment, both principal and agent may be joined as parties defendant. *Under this rule, the principal and agent may be sued separately or as joint tortfeasors, at the election of the one injured.* It is not necessary to join principal and agent as joint tortfeasors or trespassers * * *' 2 Am.Jur. 345, Agency, Section 437.''. (emphasis supplied) (Supra, 306 S.W.2d p. 49)

Counsel for Sealtest argues that recovery against the employee has been barred by the statute of limitations and therefore no recovery can be awarded against the employer under the doctrine of *respondeat*

*superior.* This argument overlooks the rule that the statute of limitations only bars the remedy and does not extinguish the substantive right. Hackworth v. Ralston Purina Co. (1964), 214 Tenn. 506, 381 S.W.2d 292; Menefee v. Davidson County (1953), 195 Tenn. 547, 260 S.W. 2d 283.

For the foregoing reasons, the assignments of error are respectfully overruled, the judgment of the trial Court is affirmed and the defendant will pay all of the costs of this appeal.

Shriver, P. J. (M. S.), and Todd, J., concur.