**James K.J. CHENG, Plaintiff-Appellee,**

v.

**GAF CORPORATION, Defendant-Appellant.**

**No. 16, Docket 84–7246.**

United States Court of Appeals, Second Circuit.

Argued Sept. 21, 1984.

Decided Oct. 25, 1984.

Stuart M. Gerson, New York City (Epstein, Becker, Borsody & Green, New York City, of counsel), for defendant-appellant.

Jonathan A. Weiss, New York City (Legal Services for the Elderly Poor, New York City, of counsel), for plaintiff-appellee.

Before OAKES, WINTER and PRATT, Circuit Judges.

PER CURIAM:

Defendant GAF appeals from an order of the United States District Court for the Southern District of New York, 566 F.Supp. 350, Owen, *Judge*, granting plain-

tiff Cheng's motion to disqualify GAF's counsel, Epstein, Becker, Borsody & Green, P.C. (the Epstein firm). We affirm.

Cheng began this employment discrimination suit against GAF in 1977. While the case was in the discovery stage, the Epstein firm hired as an associate, Philip Gassel, an attorney who had been employed by Legal Services for the Elderly Poor, the organization representing Cheng. Thereupon Cheng moved to disqualify the Epstein firm from representing GAF, contending that the firm's continued participation in the action violated the ABA Code of Professional Responsibility.

Concluding that disqualification "would not serve any interest which the law recognizes" the district court denied this motion. On appeal we reviewed the circumstances and contentions in considerable detail and concluded:

> Thus, it is clear that under Canon 9 as well as Canons 4 and 5, Gassel and the Epstein firm must be disqualified. Judge Owen's decision to the contrary was an abuse of discretion. Moreover, if there were any doubt as to the propriety of our action, we would resolve it in favor of disqualification.

*Cheng v. GAF Corp.*, 631 F.2d 1052, 1059 (2d Cir.1980) (*Cheng I*).

We therefore reversed and remanded to the district court for entry of an order of disqualification. *Id.* The Supreme Court summarily vacated our judgment, *GAF Corp. v. Cheng*, 450 U.S. 903, 101 S.Ct. 1338, 67 L.Ed.2d 327 (1981), and instructed us to dismiss Cheng's appeal on jurisdictional grounds, based on its intervening decision in *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 101 S.Ct. 669, 66 L.Ed.2d 571 (1981), which held that orders denying motions to disqualify counsel in civil cases are unappealable interlocutory orders. Cheng then moved before us to treat the original appeal as a petition for a writ of mandamus. We denied this motion and dismissed the appeal. *Cheng v. GAF Corp.*, 659 F.2d 1058 (2d Cir.1981) (mem.)

When Cheng later renewed his disqualification motion, the district court denied it without prejudice to still later renewal should circumstances warrant it. After the Supreme Court denied Cheng's petition to review our denial of his request for mandamus, GAF moved in the district court for attorney's fees, expenses, and costs incurred in defending against Cheng's efforts to disqualify GAF's counsel after May 12, 1981, the date on which Cheng had renewed his original disqualification motion in the district court. Finding that Cheng's later disqualification efforts were unreasonable, the district court, pursuant to 28 U.S.C. § 1927, awarded GAF $1,000 in attorney's fees, expenses, and costs. *Cheng v. GAF Corp.*, 566 F.Supp. 350 (S.D.N.Y. 1982).

Again we reversed, *Cheng v. GAF Corp.*, 713 F.2d 886 (2d Cir.1983) (*Cheng II*), concluding that our prior decision "was itself enough to justify appellant's efforts." *Id.* at 891. In that opinion we observed that:

> Thus, although the district court was not bound by our previous decision, we find it puzzling that he chose to ignore the reasoning of that decision and again denied appellant's motion to disqualify. More significantly, we find it extraordinary that he should penalize appellant's lawyer for attempting to have this court review that denial, given that this court had already ruled in appellant's favor in its earlier opinion.

*Id.*

Thereafter, Cheng moved for a third time to disqualify the Epstein firm, and this time the district court granted the motion. GAF now appeals, contending that the district court abused its discretion. In light of the prior history of this case, particularly our decisions in *Cheng I* and *Cheng II*, which criticized the district court's view that the Epstein firm should not be disqualified, it is clear that the district court did not abuse its discretion by finally granting the disqualification motion. The order appealed from is therefore affirmed.