J. Frank MANNING, an individual, suing on his own behalf and on behalf of all other persons similarly situated, Plaintiff,

v.

FORT DEPOSIT BANK, a corporation, Defendant and Third-Party Plaintiff,

v.

WARING, COX, JAMES, SKLAR & ALLEN, a partnership composed of Allen Cox, Jr., Roane Waring, Jr., Erich William James, Robert Lee Cox, Jerald H. Sklar, Louis F. Allen and Rodger D. Fish, as general partners, Third-Party Defendants.

No. C–77–1016.

United States District Court, W.D. Tennessee, E.D.

Oct. 15, 1985.

Frank B. Bird of Bird, Navratil & Bird, Maryville, Tenn., for plaintiff.

Carl H. Langschmidt, Jr., of Boone, Wellford, Clark, Langschmidt & Apperson, for defendant and third-party plaintiff.

Leo Bearman, Jr. of Heiskell, Donelson, Bearman, Adams, Williams & Kirsch, Memphis, Tenn., for third-party defendants.

## MEMORANDUM OPINION AND ORDER GRANTING THIRD PARTY PLAINTIFF'S MOTION TO DISQUALIFY AND DENYING THIRD PARTY DEFENDANT'S MOTION TO DISMISS

TODD, District Judge.

Before this court are third party plaintiff's motion to disqualify counsel for third party defendant and third party defendant's motion to dismiss. The underlying claim in this case alleges violations of the Securities Exchange Act of 1934 by Fort Deposit Bank, the defendant, and third party plaintiff. According to the original complaint, Fort Deposit Bank purchased bonds issued by the Town of Grand Junction, Tennessee, and then offered the bonds for resale, making itself an "underwriter-dealer" of the bonds under Tennessee law. The complaint further alleges that Fort Deposit Bank failed to comply with Tennessee law requiring licensure of such "underwriter-dealers" and that it made fraudulent misrepresentations in the sales of the bonds.

The facts giving rise to the present motions are undisputed. When the original action in this case was filed in 1977, Mr. Daniel B. Hatzenbuehler became involved in the representation of Fort Deposit Bank as a member of the Boone, Wellford, Clark, Langschmidt & Pemberton law firm (Boone Wellford). At the same time that lawsuit was pending, Waring, Cox, James, Sklar & Allen (Waring Cox), the third party defendant in this case, was a defendant in a state court action involving the same bond issue and was represented in that action by the law firm of Heiskell, Donelson, Bearman, Adams, Williams & Kirsch (Heiskell Donelson). The state court action, in which Waring Cox was sued for legal malpractice for their part in the bond issue, was finally decided by the Tennessee Supreme Court in December 1983.

In April 1984, Mr. Hatzenbuehler joined the Heiskell Donelson firm, after giving notice to Fort Deposit Bank. At that time, Waring Cox was not a party to the present action and Fort Deposit Bank elected to continue Mr. Hatzenbuehler's employment as its counsel in this action. In October 1984, Fort Deposit Bank decided to join Waring Cox as a third party defendant in the present action and terminated its relationship with Mr. Hatzenbuehler. A third party complaint was filed in December 1984 against Waring Cox, alleging that Waring Cox was liable to Fort Deposit Bank for contribution of any losses that the bank might suffer in the present action against it. Waring Cox moved to dismiss the third party complaint against it on the grounds that the action was barred by the applicable statute of limitations. In February 1985, Fort Deposit Bank moved to disqualify Heiskell Donelson due to Mr. Hatzenbuehler's prior involvement in the case.

## I. DISQUALIFICATION OF THE HEISKELL DONELSON LAW FIRM

Waring Cox concedes that Mr. Hatzenbuehler's prior representation of Fort Deposit Bank mandates his disqualification but argues that the facts of this case do not warrant disqualification of the entire Heiskell Donelson firm.

■ The American Bar Association's Code of Professional Responsibility (CPR) provides standards of professional conduct for attorneys and law firms practicing before this court. W.D.Tenn.R. 1(c). Disciplinary Rule 5–105(D) of the CPR provides: "If a lawyer is required to decline employment or to withdraw from employment under a Disciplinary Rule, no partner, or associate, or any other lawyer affiliated with him or his firm, may accept or continue such employment." This rule would clearly prohibit Heiskell Donelson from *accepting* employment by Waring Cox since Mr. Hatzenbuehler would be required to decline such employment because of his prior representation of Fort Morgan Bank. The situation in this case, however, is not one of accepting employment, but that of continuing to represent an existing client. As such, Disciplinary Rule 5–105(D) is not dispositive.

■ Most reported cases involving disqualification of counsel on the grounds of conflicting interests involve competing interests of a former client represented by the attorney in question in a *prior* proceeding. *See, e.g., General Electric Co. v. Valeron Corp.,* 608 F.2d 265 (6th Cir.1979) *cert. denied,* 445 U.S. 930, 100 S.Ct. 1318, 63 L.Ed.2d 763 (1980). In such cases, an attorney will be disqualified if the subject matter of the present suit is "substantially related" to the work done for the former client. *Melamed v. ITT Continental Baking Co.,* 592 F.2d 290, 292 (6th Cir.1979). With regard to a disqualified attorney's partners, "confidences and secrets possessed by [the] attorney are presumptively possessed by other members of his firm" and disqualification of the firm is proper. *Kearns v. Fred Lavery/Porsche Audi Co.,* 573 F.Supp. 91, 96 (E.D.Mich.1983), *aff'd,* 745 F.2d 600 (Fed.Cir.1984), *cert. denied,* —— U.S. ——, 105 S.Ct. 967, 83 L.Ed.2d 971 (1985).

■ When the representation of the former client occurs in the *same* litigation, the rationale for disqualification of the attorney and his firm is more pronounced. Canon 4 of the CPR states: "A lawyer should preserve the confidences and secrets of a client." Canon 9 states: "A lawyer should avoid even the appearance of professional impropriety." Given the presumption that members of a firm possess the knowledge of their partners, *Kearns, supra,* disqualification of the entire firm is required when the representation of the former client was in the *same* law suit. In this manner, the court, the aggrieved party, and the public will be assured that confidential knowledge gained by an attorney from a party will not be used against that party in the same litigation. Other courts that have considered this question are in accord. *See, e.g., Cheng v. GAF Corp.,* 747 F.2d 97 (2d Cir.1984) (*Cheng III*); *Paul E. Iacono Structural Engineering, Inc. v. Humphrey,* 722 F.2d 435 (9th Cir.1983); *United States v. Kitchin,* 592 F.2d 900 (5th Cir. 1979), *cert. denied,* 444 U.S. 843, 100 S.Ct. 86, 62 L.Ed.2d 56 (1979).

■ Third party defendant in the present case urges that the "Chinese wall" screening procedure, discussed in *Humphrey, supra,* should be used to rebut the presumption of shared confidences among members of the law firm. The Chinese wall is erected by a firm in an attempt to "quarantine" a new member with confidential information received from an adversary of one of the firm's clients. *Cheng v. GAF Corp.,* 631 F.2d 1052, 1058 (2d Cir.1980), (*Cheng I*), *vacated on jurisdictional grounds,* 450 U.S. 903, 101 S.Ct. 1338, 67 L.Ed.2d 327 (1981). Elements of the Chinese wall include the size of the firm; the extent of departmentalization within the firm; prohibitions against discussion of the action with the new member; and exclusion of the new member from relevant files, participation in the action, and sharing in firm earnings from the action. *See Humphrey,* 722 F.2d at 442 n. 10; *Cheng I,* 631 F.2d at 1057.

Although the Chinese wall procedure has been recognized as an effective screening device in cases involving confidences obtained from a former client in a *prior* proceeding, this Court holds that it will not rebut the presumption of shared knowledge among members of a firm in a conflict involving a former client in the *same* proceeding.

Finally, this court takes notice of Formal Ethics Opinion No. 81–F–5 of the Board of Professional Responsibility of the Supreme Court of Tennessee. Although not binding on the parties to this action or this court, Formal Ethics Opinions of Tennessee's Board of Professional Responsibility "constitute a body of principles and objectives upon which members of the [Tennessee] bar can rely for guidance." Tenn.S.Ct.R. 9, § 26.5(a). In Opinion No. 81–F–5, an attorney who was involved in the representation of seven plaintiffs in personal injury and workmen's compensation actions desired to join a firm that was defending all seven of the actions. After noting that the attorney would be barred from representing the defendants in those cases, the board stated:

> When an attorney is barred from representation on the grounds of knowledge actually or presumably acquired from a former representation, then his entire firm is similarly barred.

> Even though the attorney did not participate, with his new firm, in any of the cases which he had previously been handling on the other side, the potentiality of his revealing confidential information to his new partners, and the justifiable apprehension of his former clients that he might do so, would be sufficient to disqualify the new firm.

*Id.* at 2.

■ Although this court does not question the integrity of Mr. Hatzenbuehler or the efforts made by Heiskell Donelson to screen his knowledge from other members of the firm, the court agrees with the reasoning of Tennessee's Board of Professional Responsibility. In light of that reasoning and the cases discussed herein, this court holds that the danger of unintentional disclosure of confidential information warrants disqualification of both an attorney and his firm when the attorney, before joining the firm, was in an attorney-client relationship with a party to an existing law suit in which the firm represents an adverse side. Because this case is still early in the discovery phase, disqualification of Heiskell Donelson will not unduly prejudice third party defendant who "has ample time and resources to retain new counsel and prepare for trial." *Kearns,* 573 F.Supp. at 96. Accordingly, third party plaintiff's motion to disqualify Heiskell Donelson as counsel for Waring Cox is granted.

## II. THIRD PARTY DEFENDANT'S MOTION TO DISMISS

In its reply to the third party complaint against it, Waring Cox moved to dismiss on the grounds that the action was barred by Tennessee's one year statute of limitations for legal malpractice claims, Tenn.Code Ann. § 28–3–104 (1980). In its reply to that motion, Fort Deposit Bank asserted that the statute of limitations provided for in the contribution statute, Tenn.Code Ann § 29–11–101 *et seq.* (1980), governs actions for contribution and that Tenn.Code Ann. § 28–3–104 is not applicable.

■ The right to contribution in Tennessee is governed by the Uniform Contribution Among Tort-feasors Act (UCATA), as enacted by Tennessee. Tenn.Code Ann. § 29–11–101 *et seq.* (1980). The UCATA creates a statutory right to contribution, subject only to the exceptions contained in the Act. Tenn.Code Ann. § 29–11–102 (1980). In order for Waring Cox to be liable to Fort Deposit Bank for contribution, the two parties must be "jointly or severally liable in tort" to the plaintiff and Waring Cox must not be excused from liability for contribution by § 29–11–102. Finally, the UCATA provides for a one year statute of limitations on actions for contribution, commencing on the date of satisfaction of judgment on the common liability against the party seeking contribution or, if no judgment exists, commencing on the date of payment to the injured party that discharges the common liability. Tenn.Code Ann. § 29–11–104(c), (d) (1980).

In the various memoranda submitted by Waring Cox in support of its motion to dismiss, several grounds are urged, all of which are without merit. Waring Cox first submits that the action is barred by the general statute of limitations of Tenn.Code Ann. § 28–3–104 (1980) and cites a state case involving Waring Cox and the plaintiff in the present action, *Security Bank & Trust Co. v. Fabricating, Inc.*, 673 S.W.2d 860 (Tenn.1983). In *Security Bank & Trust*, the Tennessee Supreme Court held that an action against Waring Cox alleging legal malpractice for its part in the sale of the bonds involved in the present case was barred by the one year statute of limitations of Tenn.Code Ann. § 28–3–104. Waring Cox asserts that *Security Bank & Trust* requires dismissal of the third party complaint against it on principles of res judicata.

The doctrine of res judicata bars a second suit on the same cause of action as a previously determined suit but does not bar a subsequent suit asserting a different cause of action. 1 B J. Moore, Moore's Federal Practice ¶ 0.410[1] (2d ed. 1984). Although the plaintiffs in *Security Bank & Trust* may have had no enforceable remedy against Waring Cox for the alleged acts of malpractice, the right asserted by Fort Deposit Bank in this case is that of contribution and is independent of the cause of action urged by the plaintiffs in *Security Bank & Trust*. As noted above, this right to contribution is governed exclusively by the UCATA. A statute of limitations other than that contained in the UCATA has no effect on an action under the UCATA and the party seeking contribution will not be barred by it. *See, e.g., City of Kingsport v. SCM Corp.*, 429 F.Supp. 96, 99 (E.D.Tenn.1976) (noting the "nearly-universal view that the statute of limitations for an action for indemnity or contribution does not commence to run until there has been a payment made or some loss suffered by a party seeking such indemnification or contribution"); *DeVore Brokerage Co. v. Goodyear Tire & Rubber Co.*, 308 F.Supp. 279, 281 (M.D.Tenn.1969)

("the date of the defendant's performance of any act or failure to act is irrelevant in determining whether to interpose the defense of statute of limitations"); *Security Fire Protection Co. v. City of Ripley*, 608 S.W.2d 874 (Tenn.Ct.App.1980). *See also Beaunit Corp. v. Volunteer Natural Gas Co.*, 402 F.Supp. 1222 (E.D.Tenn.1975). Although the Sixth Circuit Court of Appeals has not ruled on this issue, other circuits are in accord. *ITT Rayonier, Inc. v. Southeastern Maritime Co.*, 620 F.2d 512, 514 (10th Cir.1980) (discussing the "well-established general rule"); *Premier Corp. v. Economic Research Analysts, Inc.*, 578 F.2d 551 (4th Cir.1978). In light of the foregoing, this court finds that Fort Deposit Bank's right to contribution is not barred by the general statute of limitations of Tenn.Code Ann. § 28–3–104.

Waring Cox also contends that no right to contribution exists because it is not "jointly or severally liable in tort"[1] to plaintiffs as a result of the Tennessee Supreme Court's decision in *Security Bank & Trust, supra*. This argument is based upon the premise that Waring Cox was found not liable to the plaintiffs in *Security Bank & Trust*. The court in that case did not make such a finding, however, because it was able to dispose of the case on the statute of limitations defense. The statute of limitations is a remedial device only and does not affect the substantive rights of the parties. *Hackworth v. Ralston Purina Co.*, 214 Tenn. 506, 510, 381 S.W.2d 292, 294 (1964); *Rankhorn v. Sealtest Foods*, 63 Tenn.App. 714, 723, 479 S.W.2d 649, 652 (1971). The cases cited by Waring Cox on this issue are inapposite in that each was decided on substantive grounds and none involved a statute of limitations defense. Because the *Security Bank & Trust* court never reached the substantive nature of the claim in that case, the opinion in that case cannot be said to have found Waring Cox not liable to the plaintiffs.

Waring Cox next asserts that the state of Tennessee attempted to remedy the conflict between the statute of limitations of

---

1. Tenn.Code Ann. § 29–11–102(a) (1980).

the UCATA and other statutes of limitations by enacting Tenn.Code Ann. § 28–1–114 (Supp.1985) in 1978. This statute, passed after the complaint was filed in this case but before the filing of the third party complaint, may or may not be applicable. Because this court holds that the third party complaint is not barred by the statute of limitations of Tenn.Code Ann. § 28–3–104 that section is not addressed.

 Finally, Waring Cox asserts that this case involves breach of a fiduciary duty and is therefore excluded from the UCATA by Tenn.Code Ann. § 29–11–102(g) which states: "This chapter shall not apply to breaches of trust or of other fiduciary obligation." Although the relationship between an attorney and his client has been held by the Tennessee courts to be a fiduciary one, *see, e.g., Cultra v. Douglas,* 60 Tenn.App. 116, 124, 444 S.W.2d 575, 579 (1969), this is an action for contribution for damages allegedly due to legal malpractice. An action for legal malpractice arises out of a breach of a "reasonable duty." *Sammons v. Rotroff,* 653 S.W.2d 740, 745 (Tenn.Ct.App.1983). Such an action is based upon principles of negligence and may be contrasted to actions in which the attorney is sued on grounds of fraud or breach of fiduciary duty. *See* Klimek & Wanat, Lawyer Malpractice—A Problem in Want of an Answer, 9 Mem.St.U.L.Rev. 193, 207 (1979); Note, Attorney Malpractice, 63 Colum.L.Rev. 1292, 1292 (1963). No breach of fiduciary duty by Waring Cox is alleged by either the third party complaint or the original complaint in this action. The duty to disclose alleged in Counts 1 and 2 of the complaint was not a fiduciary duty, but one imposed by statute.

Three reported cases specifically dealing with section 1(g) of the UCATA (Tenn.Code Ann. § 29–11–102(g)) have been found.[2] In all three, the UCATA was found not to apply because a breach of fiduciary duty was involved. All three are easily distinguished from the facts of this case, however, in that the existence of a fiduciary duty either was stipulated or was uncontroverted. None of the three involved the alleged negligence of an attorney.[3]

 In the present case, no express or implied trust is involved and it is not alleged that Waring Cox used the attorney-client relationship to its advantage. Accordingly, this court finds that no breach of "trust or of other fiduciary obligation" by Waring Cox is alleged in this action and Tenn.Code Ann. § 29–11–102(g) is not applicable.

In light of the foregoing analysis, third party plaintiff's motion to disqualify Heiskell Donelson as counsel for Waring Cox is granted and third party defendant's motion to dismiss the third party complaint is denied.

IT IS SO ORDERED.

---

2. *Buchbinder v. Register,* 634 F.2d 327 (6th Cir. 1980) (defendant accountant alleged to have aided and abetted executor in breaching fiduciary duty to beneficiaries of trust corpus); *Fidelity & Deposit Co. of Maryland v. Newman,* 109 Mich. App. 620, 311 N.W.2d 821 (1981) (employee appraiser and claims adjuster sued by employer for misappropriation and diversion of funds); *Eason v. Lau,* 369 So.2d 600 (Fla.Dist.Ct.App. 1978), *cert. denied,* 368 So.2d 1365 (Fla.1979)

(parties agreed that a breach of trust was involved).

3. Compare *Tormo v. Yormark,* 398 F.Supp. 1159 (D.N.J.1975), in which an attorney was held to be subject to a contribution action for alleged negligence in selection and supervision of an out-of-state attorney to whom he transferred his clients' case.