IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
ASSIGNED ON BRIEFS SEPTEMBER 2, 2008

## HARRY JACOCKS and DOROTHY JACOCKS v. MEMPHIS LIGHT, GAS & WATER

Direct Appeal from the Circuit Court for Shelby County
No.  CT-000163-04     Rita Stotts,  Judge

No. W2008-00802-COA-R3-CV - Filed October 13, 2008

This is a negligence action.  Appellees filed a complaint against Appellant alleging that its employee negligently drove a company truck into the back of Appellees' car.  Appellant was granted partial summary judgment because a latent mechanical problem caused its truck's brakes to fail.  The trial court then held a bench trial to determine if the employee's negligent driving was also a cause of the accident.  Although it made no findings of fact, the trial court concluded that the employee was negligent, and awarded Appellee, Harry Jacocks $15,350 in damages.  Appellant appeals, asserting that the evidence presented does not support the trial court's judgment.  Because we agree that the evidence was insufficient, we reverse the judgment of the trial court.

**Tenn. R. App. P.3; Appeal as of Right; Judgment of the Circuit Court Reversed.**

J. STEVEN STAFFORD, J., delivered the opinion of the court, in which ALAN E. HIGHERS, P.J.,  W.S., and  DAVID R. FARMER, J., joined.

Lang Wiseman, Cordova, TN, for Appellants
Chris Patterson, Cordova, TN, for Appellants

W. David Cheek, Memphis, TN, for Appellees

## OPINION

### Facts and Procedural History

On January 13, 2003, Plaintiff/Appellee Harry Jacocks (hereinafter, "Jacocks") was stuck in traffic in his car on Interstate 240 in Memphis, Shelby County, Tennessee.   At the same time, Ronnie Parker (hereinafter, "Parker") an employee of Memphis Light, Gas & Water (hereinafter, "MLGW"), was driving an MLGW truck onto I-240.  As he merged into the center lane he collied

with the back of the Jacock's automobile. Jacocks subsequently brought a tort action for negligence against Parker and MLGW. Dorothy Jacocks also asserted a claim for loss of consortium. Applying the Tennessee Governmental Tort Liabilities Act, the trial court dismissed the claim against Parker, leaving MLGW as the sole defendant.

MLGW moved for summary judgment on the ground that the accident occurred because of a latent mechanical defect that caused the truck's brakes to fail unexpectedly. MLGW supported the motion with affidavits showing that it had performed appropriate truck maintenance and inspection prior to the accident. Relying on this evidence the trial court granted MLGW summary judgment on this issue. The trial court, however, found that a genuine issue of material fact remained as to whether Parker was driving negligently so as to cause the accident even if the truck's brakes had not failed. On February 18, 2008, the trial court held a hearing on this issue. Based upon the evidence adduced at that hearing, the trial court found for Jacocks and awarded damages in the amount of $15, 350.00. The trial court denied Mrs. Jacocks claim for loss of consortium. MLGW appeals.

## Issue Presented

The only issue presented on appeal is whether there is sufficient evidence to sustain the trial court's judgment. Although the Appellee's brief stated that it is filed on behalf of Harry Jacocks and Dorothy Jacocks, no issue is raised regarding the trial courts decision on the consortium issue.[1]

## Standard of Review

Under Tenn. R. App. P. 13(d), we review findings of fact by the trial court *de novo* upon the record, accompanied by a presumption of the correctness of the findings, unless the preponderance of the evidence is otherwise. If the trial judge has not made specific findings of fact, we will review the record to determine where the preponderance of the evidence lies without employing a presumption of correctness. **Elliott v. Elliott**, 149 S.W.3d 77, 83 (Tenn. Ct. App. 2004) (citing **Ganzevoort v. Russell**, 949 S.W.2d 293, 296 (Tenn. 1997)). In the present case, the trial court made no findings of fact before concluding that "it would be unconscionable to find other than that the Defendant driver was negligent."[2] Since the trial court did not find any facts, no presumption arises. Therefore, we must conduct our own independent review of the record to determine where the preponderance of the evidence lies. **Brooks v. Brooks**, 992 S.W.2d 403, 405 (Tenn. 1999); **Devorak v. Patterson**, 907 S.W.2d 815, 818 (Tenn. Ct. App. 1995).

---

[1] We recently held that when "a party makes no legal argument and cites no authority in support of a position, such issue is deemed waived and will not be considered on appeal." **Frances Rodriguez v. Charles G. Price**, No. E2007-02178-COA-R3-CV, 2008 WL 4457233 at *5 n.. 2 (Tenn. Ct. App. Oct. 6, 2008).

[2] Tenn. R. Civ. P. 52.01 does not require a trial court to make findings of fact until requested to do so by a party. Here, neither party made such a request. Tenn. R. App. 36(a) provides some support for the argument that Appellant's failure to make a motion under R. 52.01 amounts to a waiver of the issue. See **Mincy v. Mincy**, No. E1999-02304-COA-R3-CV, 2000 WL 502840 (Tenn. Ct. App. April 28, 2000). **Mincy**, however, went to the appellate court with an incomplete record leaving no possibility for an independent review. Such is not the case here.

Similarly, we review the trial court's conclusions of law under a *de novo* standard. A generic finding of negligence in a non-jury trial requires the judge to make a number of conclusions of both law and fact. Therefore, we will examine the entire record *de novo* to make an independent judgment on the issue of Parker's negligence.

Analysis

A negligence claim requires proof of the following elements: (1) a duty of care owed by the defendant to the plaintiff; (2) conduct by the defendant falling below the standard of care amounting to a breach of that duty; (3) an injury or loss suffered by the plaintiff; (4) causation in fact; and (5) proximate or legal cause. *Hale v. Ostrow*, 166 S.W.3d 713, 716 (Tenn. 2005) (citing *Coln v. City of Savannah*, 966 S.W.2d 34, 39 (Tenn. 1998)).

In *Van Sickel v. Howard*, 882 S.W.2d 794 (Tenn. Ct. App. 1994), the court explained the duty owed by drivers:

> It being a basic requirement of due care in the operation of an automobile that the driver keep a reasonably careful lookout for traffic upon the highway commensurate with the dangerous character of the vehicle and nature of the locality and to see all that comes within the radius of his line of vision both in front and to the side.

*Id*. at 798 (quoting *Nash-Wilson Funeral Home, Inc. v. Greer*, 417 S.W.2d 562, 565 (Tenn. Ct. App. 1966) (citations omitted)).

The trial court relied heavily on *Williams v. Pritchard*, 306 S.W.2d 46 (Tenn. Ct. App. 1954), to support its conclusion that Parker was negligent. The *Williams* case bears surface similarity to the present case in that it involves an automobile accident that the defendant alleged was caused by a latent defect in the car's brakes. *Id*. at 47. The jury in *Williams* was presented evidence about the condition of the brakes and the driver's possible negligence. *Id*. The Court upheld the jury's verdict for the plaintiff because the jury could have found the driver negligent. *Id*. The *Williams* case supports the trial court's decision to distinguish driver negligence from negligent maintenance; it does not, however, support the conclusion that Parker was negligent in the present case.

The issue for our consideration is whether a preponderance of the evidence establishes that Parker breached the standard of care owed by drivers. To answer the question posed, we are required to examine the testimony of the witnesses presented at trial: Lieutenant Tommy L. Brown, Ronnie Parker, Harry Jacocks, and Dorothy Jacocks.

Lieutenant Tommy Brown of the Memphis Police Department was the officer who investigated the accident. He described the conditions of I-240 at the time of the accident as dry and the road as "basically level." Lt. Brown could not remember if Parker told him the truck's brakes failed, but testified that, if Parker had said so, he most likely would have indicated it in his report.

His testimony addresses the condition of the brakes rather than Parker's driving. Because the issue of the defective brakes was decided in favor of the MLGW on Summary Judgment, it has no relevance in deciding the narrow issue of Parker's negligence.

Jacocks testified that he had no prior indication that the accident was about to take place. Accordingly, he could not present any evidence regarding Parker's negligent driving. Similarly, Dorothy Jacocks was not involved in the accident and presented no testimony regarding Parker's driving.

Finally, Parker testified that he was in the process of merging when the accident occurred. He also stated that he was traveling between 35 and 45 miles per hour and that he was approximately two or four car lengths behind Jacock's car when he first saw it. He testified that, at this distance, he would have had enough time to stop the vehicle had the brakes not failed. Finally, he noted that he had been keeping a safe lookout on all sides including the front. Jacocks challenged Parker's testimony by pointing out inconsistencies with his prior deposition. During his deposition, Parker indicated that the time between when he saw Jacock's car and impact may have been instantaneous. The deposition also reveals that he was unclear as to whether he was in the process of merging or had already merged when the accident occurred.

Considering the testimony of the four witnesses presented at trial, it is clear that the only evidence regarding negligence was Parker's own testimony. As noted above, the testimony does contain some internal inconsistencies and contradictions when compared to his 2005 deposition. It is unclear, for instance, exactly how fast Parker was traveling, or exactly how much time he had to stop. It is clear, however, that Parker's testimony, standing alone, does not support a conclusion that his driving was negligent.

When the trial court granted summary judgment in favor of MLGW on the issue of the brakes, it became more difficult for Jacocks to prove causation. Specifically, if the brakes had not failed, then Jacocks could have relied on the accident itself as evidence (though not conclusive) that Parker was negligent. In short, Jacocks needed to prove that the accident would have occurred even if the brakes had been working. The evidence that Jacocks presented does not show this. Other than Parker's own testimony, Jacocks' witnesses did not testify directly about Parker's driving. Finally, Jacocks presented no evidence showing that a truck traveling between 35 and 45 miles per hour and located between two and four car lengths behind a stationary vehicle could not have stopped in time to avoid the accident.

Because the evidence in the record does not support the judgment, we reverse the trial court's finding that MLGW is vicariously liable for the negligence of Parker. Costs of this appeal are assessed to the Appellee, Harry Jacocks, for which execution may issue if necessary.

_____
J. STEVEN STAFFORD, J.

-4-