Reese, J.
delivered the opinion of the court.
The declaration alledges that at the time of the execution of the deed of conveyance, the land which it purported to convey, was adversely held by a title paramount to that of the bargainor, — and the question is, whether the circuit court upon the argument of the demurrer in the case, should not, on account of that, have adjudged the declaration bad, and the action not maintainable, because of our statute of champerty of 1821, c 66?
It is said, on behalf of the action, that a deed of conveyance or contract of sale for land adversely possessed, although void, by the provisions of the act referred to, as against such adverse claimant, is yet good as between the parties to the deed or contract of sale. This proposition is at war alike with the letter, and the spirit and policy of the act. The act declares that “no person shall agree to buy, or to bargain or sell any pretended right or title in lands or tenements or any interest therein; and if any such agreement, bargain, sale, promise, covenant, or grant be made, where the seller has not himself or by bis agent or tenant, or his ancestor, been in actual possession,” &c. Such is the letter of the statute. Its object and policy were, that those in actual possession of land should not be molested by suits founded upon pretended or dormant claims, unless such suits were instituted and conducted, bona fide, by the proper owners, upon whom the law had cast the title, for their own proper benefit and at their own proper risk and costs.
The buyer, in view of such purpose, it was especially important to restrain, for it was his ever restless cupidity, stimulated by the low price of these dormant claims, and by the prospect of large profit, which attacked the quiet and repose of society, and made our courts of justice the theatre upon which to consummate speculations, not more respectable, and much more disastrous to society than those of the lottery office or the gaming table.
To give such a construction to the statute, therefore, as would permit the buyer of dormant claims, securely to take a deed or covenant from the claimant, and if he failed to recovev by a demise in the name of such claimant, to indemnifyhim- *190 self by a suit against his vendor upon the deed or covenant, would be to encourage, and not to suppress the spirit and practice of champerty.
We are, therefore, clearly of opinion that the action is not maintainable, and that the judgment must be reversed.