MENEFEE *v.* DAVIDSON COUNTY.

(*Nashville,* December Term, 1952.)

Opinion filed July 17, 1953.

548

WALLER, DAVIS & LANSDEN, of Nashville, for appellant.

HORACE OSMENT, County Attorney, of Nashville, for appellee.

Mr. Justice Tomlinson delivered the opinion of the Court.

Davidson County owns a rock quarry acquired for the purpose of procuring crushed stone for use in building and repairing its public roads. The appellant, Menefee, owns and operates a rock quarry on land adjoining the county's tract. In connection with the operation of a quarry on his property, Menefee placed a rock crusher, scales, office, workshop and outdoor toilet facilities and four ''junk piles'' on the county's property. He also used it as a means of getting in and out of his property.

After an unsuccessful effort in 1952 to have the buildings and equipment removed without litigation, the county, pursuant to the directions of the Quarterly Court, instituted this suit to procure their removal, and to prevent Menefee from using the county's property in connection with the operation of the quarry on his property.

In his sworn answer Menefee averred that he had placed the crusher, the office and the scales at their present locations on the county's property in 1932 and erected the building around the crusher in 1940. As to these locations, his answer averred that he had acquired a prescriptive right, or that the county was barred from maintaining the suit by the seven year statute of limitations carried at Code Section 8584. This answer states that the remaining buildings and equipment have been or will be, removed.

On motion of the County for a temporary injunction based on bill and answer, the Chancellor held that the defense of adverse possession is not available to Menefee

because Davidson County owns and holds this property in its governmental capacity. The decree thereupon enjoined Menefee from using any of the property in connection with the operation of his quarry and gave him about thirty days within which to remove the buildings and machinery from the county's property.

Menefee has appealed and in his brief says "the only issue involved on this appeal is whether or not Menefee should have been ordered by mandatory injunction to remove his rock crusher, main building enclosing the same and his office and scales from the complainant's land". His insistence is that this decree, entered on the motion for a temporary injunction, (1) amounted in fact to a decision of the case on its merits, and, moreover, so Menefee insists, (2) was a decision on its merits that is erroneous. Determination of the second insistence may dispose of the first.

Menefee readily concedes that the defense of adverse possession is not available for use against a county when the county with reference to the subject matter of the litigation is acting in a governmental capacity. He insists, however, that an allegation stated in the county's bill establishes it as a fact that the county is holding and owning this rock quarry in an individual capacity rather than as a governmental entity. That which appears in the bill and admitted by the answer makes a decision of this insistence immaterial.

On March 26, 1952 the Davidson County Highway Department, through the county attorney, instructed Menefee to remove within about thirty days from the county's property the aforementioned buildings and equipment. In his reply under date of April 10, 1952 Menefee said this:—" 'Your letter of Mar. 26, 52. received today, and I will gladly comply with the wishes of the commission, but

herewith ask that they, thru you, allow the removal of equipment, between Dec. 1, 52 and March 31, 53.'' The County refused to grant such extension of time.

The answer of Menefee admits writing this letter. In that letter Menefee admits in effect that he was occupying this land permissively rather than adversely. Such use and possession gives the user no right by prescription. *Connor* v. *Frierson,* 98 Tenn. 183, 187, 38 S. W. 1031; *Fite* v. *Gassaway,* 27 Tenn. App. 692, 700-701, 184 S. W. (2d) 564.

By reason of this letter the same results obtain under Code Section 8584 relied upon by Menefee. That section provides that no one shall have a right of action in law or equity for any land, ''but within seven years after the right of action has accrued''. Now in order ''to create a bar, under that section, the possession must be, in legal contemplation, adverse''. *Lincoln* v. *Purcell,* 39 Tenn. 143, 153. It is not adverse when the occupation is by permission.

Moreover, had the possession not been by permission, as in effect declared by Menefee, still Section 8584 is not available to him as a defense subsequent to the writing of his letter of April 10, 1952. Section 8584 ''simply bars the remedy. It does not bar the right''. *Kittel* v. *Steger,* 121 Tenn. 400, 409, 117 S. W. 500, 503.

In *Ferring* v. *Fleischman,* Tenn. Ch. App., 39 S. W. 19, 21, the Court observed that where a statute only bars the remedy it is a defense that is at the option of the defendant, and may be waived. ''If it is intended to be insisted on, it should be claimed and the other party thereby notified as he may be able to show a new promise reviving the liability''. Menefee's letter of April 10 wherein he declared that ''he will gladly comply with the wishes of the commission'', but asking for time, amounted in

fact to a waiver of his now asserted defense under Code Section 8584, according to the above quoted statement in *Ferring* v. *Fleischman*. That is an opinion of the Court of Chancery Appeals orally affirmed by this Court.

■ Menefee is probably correct in his insistence that the decree entered on the motion for a temporary injunction was, in so far as it went, a decision on the merits. This seems to be true in that the decree allowed Menefee about thirty days from its entry within which to remove his buildings and equipment. It is obvious from that hereinbefore said that any decree entered on the merits must necessarily sustain the bill in so far as it seeks to prevent the use of the county's property and the aforesaid buildings and equipment thereon in the operation of Menefee's quarry. Therefore no prejudice will result to Menefee by the decree entered in response to the motion for a temporary injunction. Code Section 10654 is applicable to the situation.

The decree of the Chancellor will be affirmed and the cause remanded for further proceedings consistent herewith. Costs of the appeal will be adjudged against Menefee and his sureties.